*In re* ELEANOR MUNZER.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ELEANOR MUNZER, Respondent-Appellant.)

(No. 60186; ▮▮▮▮▮▮▮)

First District (3rd Division)—May 15, 1975.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

After a hearing on an emergency petition for hospitalization, the circuit court of Cook County entered an order finding the respondent, Eleanor Munzer, to be in need of mental treatment and ordered her hospitalized, in accordance with the provisions of the Mental Health Code of 1967 (Ill. Rev. Stat. 1973, ch. 91½, pars. 1—1 through 20—1.) About 2 weeks after entry of the order, respondent filed a motion for rehearing and a motion to arrest judgment. Both motions were denied. Respondent appeals from the order denying the motions, alleging that she was unlawfully deprived of her liberty and denied due process of law.

We affirm.

The facts pertinent to this appeal are as follows. On April 13, 1973, a petition for hospitalization asserting that Eleanor Munzer was in need of emergency hospitalization for mental treatment was filed with the circuit court of Cook County by the present wife of respondent's ex-husband. Based upon the petition, the court ordered respondent taken to the Chicago Read Mental Health Center and examined by a staff psychiatrist. At 7:30 that evening, respondent was examined by a mental health center psychiatrist and found by him to be in need of mental treatment and hospitalization. On April 16 and 17, respondent was again examined and found to be in need of mental treatment. On April 17, respondent was also served with notice of a hearing to be held the next day, and the public defender was appointed to represent her. The hearing was continued several times. On April 27 and 30, the hearing was held. At the conclusion of the full and complete hearing, the court found respondent to be in need of mental treatment and ordered her to be hospitalized at the Chicago Read Mental Health Center. On May 14, respondent filed a motion to arrest judgment and a motion for rehearing. Both motions were heard and denied on June 8. Two months later, respondent was given an absolute discharge from the Center.

Respondent's first contention on appeal is that since she had not been given a copy of the emergency petition within 12 hours after her admission to the mental health center, as provided by section 7—4 of the Mental Health Code of 1967 (Ill. Rev. Stat. 1973, ch. 91½, par. 7—4), she was unlawfully deprived of her liberty. This matter was originally presented to the court in respondent's motion to arrest judgment, which alleged:

"1. That Mrs. Munzer was not served with a copy of the complaint [*sic*] asserting that she was in need of mental treatment and because of this lack of procedure she requests that the finding be vacated;

❂ ❂ ❂

3. That the court is without jurisdiction of the cause; * * *."
In presenting the motion to the court, respondent's counsel stated:

"Judge, we also have a motion in arrest of judgment, which is before the court. Since the court has denied my motion for a rehearing, based on additional testimony, which would be more of a factual question, I have a motion in arrest of judgment, which questions the legality of a commitment in that Mrs. Munzer will testify today to substantiate this judgment, she did not receive a copy of the complaint [sic] asserting that she was in need of mental treatment, and because of this lack of procedure, she is requesting the finding be vacated."

The motion was denied.

Section 7—4 of the Mental Health Code (Ill. Rev. Stat. 1973, ch. 91½, par. 7—4) provides:

"Within 12 hours after the patient's admission under this Article, the superintendent shall cause to be given to the patient:

1. A copy of the petition filed relative to the patient;
2. A written statement in simple, clear and concise terms stating that the patient will be examined relative to the allegations of the petition and will appear before a court for a hearing within 5 days, excluding Saturdays, Sundays and holidays, after the court receives notice of the patient's hospitalization. If the patient cannot read or understand the written statement, it must be explained to him in a language he understands and a note of such explanation and by whom made put into the patient's record."

Respondent argues that the record is barren of any evidence showing that she was furnished a copy of the emergency petition within the requisite time period. The State argues that even if she were not served with a copy of the petition within 12 hours of her confinement, it is not alleged that she was prejudiced by the failure to serve, or that she was deprived of her right to present a defense to the accusations of mental disability being made against her.

Although not articulated by the parties, the specific legal issue on appeal is whether the trial court erred by denying respondent's motion to arrest judgment. Respondent's notice of appeal states that the order appealed from is the court's order of June 8, 1973, in which the post-trial motions were denied. Since the respondent's arguments on appeal are irrelevant to the denial of the motion for rehearing, we shall confine ourselves to the issue properly presented to us by the notice of appeal, which is the propriety of the court's denial of the motion to arrest judgment.

■■ Motions to arrest judgment may be brought in both civil and criminal cases. Proceedings under the Mental Health Code of 1967 are conducted in accordance with the Civil Practice Act, except to the extent the Civil Practice Act is contrary or inconsistent with the Mental Health Code, in which case the Mental Health Code shall govern. (Ill. Rev. Stat. 1973, ch. 91½, par. 13—1.) The Civil Practice Act is controlling in this case inasmuch as it is not apparently contrary or inconsistent with the provisions of the Mental Health Code pertaining to emergency admissions.

·The Civil Practice Act allows post-trial motions to arrest judgment under section 68.1 for jury cases, and under section 68.3 for non-jury cases. (Ill. Rev. Stat. 1973, ch. 110, pars. 63.1 and 68.3.) Under either section, the motion must be brought within 30 days after the entry of the judgment. A post-trial motion to arrest judgment should be granted where there is an error or defect apparent on the face of the record or because of some matter which properly should have appeared of record but did not. (23 I.L.P. *Judgments* § 125 (1956).) A motion in arrest of judgment may be based only upon matters appearing of record, and in considering such a motion the court may not consider evidence. *Scott v. Freeport Casualty Co.* (1945), 392 Ill. 332, 64 N.E.2d 542.

At the hearing on the post-trial motions, respondent's counsel informed the court that respondent would testify that she did not receive a copy of the petition for hospitalization. Under the law, the trial court could not have considered such testimony at a hearing on a motion to arrest judgment. The court may consider only the matters contained in the record. (*Scott v. Freeport Casualty Co.; Smithers v. Henriquez* (1938), 368 Ill. 588, 15 N.E.2d 499; see Historical and Practice Notes accompanying section 68.1 of the Civil Practice Act, Ill. Ann. Stat. ch. 110, § 68.1 (Smith-Hurd 1974 Supp.).) We can see no error resulting from the court's refusal to allow respondent to testify at the hearing on the post-trial motion.

The main issue, however, is whether the alleged failure to serve respondent with a copy of the petition within 12 hours was a defect of the kind that may be considered by the trial court in a motion to arrest judgment. To be such a defect or error, it must concern a matter appearing in the record, or which should have appeared in the record. ■■ Section 7—4 of the Mental Health Code of 1967 (quoted above) sets forth the procedure for serving the patient with a copy of the petition and for explaining the legal procedures to the patient, both within 12 hours after the patient's admission. The section expressly provides that if the patient cannot read or understand the clear and concise written statement explaining the procedures, "it must be explained to him in

a language he understands *and a note of such explanation and by whom made put into the patient's record."* (Emphasis added.) However, the statute does not require that a note be put into the patient's record whenever either the written statement of procedures or the petition is given to him. Interpreting the statute so as to give it the meaning intended by the legislature, we feel that by specifying the record keeping procedures for the oral explanation of procedures, the legislature intended that no records should be kept concerning the service of either the written procedural explanation or the petition for hospitalization upon a patient admitted to a hospital pursuant to an emergency petition for hospitalization.

■■  Since there is no legal requirement that the service of the petition be made a part of the record, we cannot see how a patient may, in a post-trial motion to arrest judgment, properly raise the question of an alleged failure to serve the petition. If there were a requirement that the service of the petition be made a part of the record, and there was not a notation that service was made as required, respondent's motion should have been granted. Under the existing statute, however, respondent's motion to arrest judgment was properly denied by the trial court because the defect or error complained of was not of such a kind that may be raised in a motion to arrest judgment.

It seems to us the alleged failure to serve the petition upon the patient is a matter which should properly have been brought to the trial court's attention in the initial stages of the proceedings. As for section 7—4, in our opinion the better practice would be for the person serving the petition and written explanation of procedures upon the patient to make a notation in the patient's record of the time of such service and by whom made. In this fashion, the patient's rights would be more fully protected because there would be a permanent record that the proper procedural steps were followed.

■■  Respondent's second allegation of error is that she was deprived of due process of law because she was served with notice of the hearing on the day before the hearing was to be held. The State argues that respondent was not prejudiced because the hearing did not take place until 10 days later, she was well represented by counsel, and received a full and complete hearing at that time. This allegation of error was raised for the first time in her brief before this court, and will therefore not be considered.

For the abovementioned reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

McNAMARA and MEJDA, JJ., concur.