*In re* ROBERT HAYS—(The People of the State of Illinois, Petitioner-Appellee, *v.* Robert Hays, Respondent-Appellant).

Fourth District No. 4—82—0772

Opinion filed June 16, 1983.

MILLS, J., dissenting.

Ann E. Hymowitz and Jeff M. Plesko, both of Legal Advocacy Services Guardianship and Advocacy Commission, of Champaign, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Respondent Hays appeals from an order of the circuit court of Macon County which found him to be a person subject to involuntary admission for mental health treatment. The order was made pursuant to the emergency admission by certificate provisions of the Mental Health and Developmental Disabilities Code (Code). (Ill. Rev. Stat. 1981, ch. 91½, par. 3—600 *et seq.*) Hays had been a voluntary patient at Mercy Hospital, Urbana, but had been transferred to the Adolf Meyer Mental Health Center, Decatur, at the time of the hearing.

The essential facts are not in dispute. Hays had voluntarily admitted himself to Mercy Hospital on October 11, 1982. This was his ninth such admission in four years. On October 12 he became violent, and a psychiatric social worker at Mercy Hospital executed the petition under section 3—601 of the Code (Ill. Rev. Stat. 1981, ch. 91½, par. 3—601), and it was accompanied by a certificate of a psychiatrist under section 3—602 of the Code (Ill. Rev. Stat. 1981, ch. 91½, par. 3—602). Hays was then transferred to the Meyer Center, and on the following day the second psychiatrist's certificate was made. Both certificates verified that Hays was a person subject to involuntary admission for treatment.

A hearing was held by the circuit court on October 19, at which Hays, accompanied by his appointed counsel, was present. The testimony of the State's witnesses was unremarkable, simply describing Hays' history of prior admissions, the current admission, and the events which led to the filing of the instant petition. Hays presented no evidence, and at the conclusion of the hearing, the court ordered the involuntary admission. At the commencement of the hearing the assistant State's Attorney inquired of defense counsel, "Since the Reporter had to be absent during the first part of the testimony, would counsel waive the recording of that testimony?" Defense counsel replied in the affirmative.

■ A preliminary question may first be disposed of. Subsequent to the filing of the notice of appeal but prior to the filing of the common law record in this court, there was filed in the trial court a notice of discharge upon which the trial court entered a discharge order. (Ill. Rev. Stat. 1981, ch. 91½, par. 3—902(c).) The parties agree, as do we, that such an order does not render this appeal moot. *In re Garcia* (1978), 59 Ill. App. 3d 500, 375 N.E.2d 557; *In re Sciara* (1974), 21 Ill. App. 3d 889, 316 N.E.2d 153.

■ Hays' chief contention is that under his status as a voluntary admittee, there was no basis for an involuntary petition until such

time as he sought release under the provisions of section 3—403 of the Code (Ill. Rev. Stat. 1981, ch. 91½, par. 3—403). That section provides:

"A voluntary patient shall be allowed to be discharged from the facility at the earliest appropriate time, not to exceed 5 days, excluding Saturdays, Sundays and holidays, after he gives any treatment staff person written notice of his desire to be discharged unless he either withdraws the notice in writing or unless within the 5 day period a petition and 2 certificates conforming to the requirements of paragraph (b) of Section 3—601 and Section 3—602 are filed with the court. Upon receipt of the petition, the court shall order a hearing to be held within 5 days, excluding Saturdays, Sundays and holidays, and to be conducted pursuant to Article IX of this Chapter. Hospitalization of the patient may continue pending further order of the court."

It is true that prior case law supports this position. (*In re Clement* (1975), 34 Ill. App. 3d 574, 340 N.E.2d 217; *People v. Hill* (1979), 72 Ill. App. 3d 638, 391 N.E.2d 51; *In re Meyer* (1982), 107 Ill. App. 3d 871, 438 N.E.2d 639.) The State contends that these cases represent a misinterpretation of the Code and invites us to ignore them. The invitation is tempting since we question the rationale upon which they are based.

The primary, if not the sole, emphasis of these authorities is upon the voluntary patient's right to request to leave. The *Clement* court described this as the "focal point of his voluntary status." (34 Ill. App. 3d 574, 577, 340 N.E.2d 217, 219.) Such an hypothesis ignores the considerable power and control placed in the hands of one who, by his own admission, acknowledges an inability to function successfully in society. It makes possible the situation in which an individual may take sanctuary as a voluntary patient and by proper timing of his request to leave forestall any possible involuntary petition in response thereto. If, for example, the psychiatrists whose testimony would be essential in support of the involuntary petition were unavailable or absent for more than 15 days, under the provisions of section 3—800(b) of the Code (Ill. Rev. Stat. 1981, ch. 91½,par. 3—800(b)) the court would have no alternative other than to release the person, no matter how dangerous he might be to himself or others. We find it difficult to believe that the legislature intended such a result.

Furthermore, we can find no express prohibition in the Code against an involuntary petition whose subject is a voluntary patient. Certainly none appears on the face of section 3—600. Nor by exten-

sion of logic can we find any provision whereby an involuntary petition may be defeated by a voluntary admission made subsequent to the filing of the involuntary petition. The two situations, voluntary and involuntary, appear to us to be independent. While the patient may be in control of the voluntary status, an involuntary petition indicates by its very nature that the patient is incapable of being in charge.

Nonetheless, in the interests of comity and of maintaining a consistent body of authority, we feel compelled to follow the precedents of *Clement, Hill,* and *Meyer.* The order of the circuit court for involuntary admission was therefore void for want of statutory authority. In this connection the State's argument is that Hays has waived the point because he did not raise it in the trial court. Apart from the question as to a valid waiver by one whose mental capacity is the issue in the case, no necessity exists to challenge a void order in order to preserve the point on appeal. *Horzely v. Horzely* (1979), 71 Ill. App. 3d 542, 390 N.E.2d 28; *Shady v. Shady* (1973), 10 Ill. App. 3d 801, 295 N.E.2d 130.

■ Hays' next argument is that he has been deprived of a record for purposes of appeal by his counsel's waiver of the presence of a reporter at the earlier stage of the proceeding as detailed above. As we understand the argument, his complaint is that lack of a complete transcript makes it impossible to determine whether he ever asked for discharge from voluntary status, or whether he did not; and further, whether counsel below raised such issues.

We regard the argument as purely circular. Hays' principal contention is that the order of involuntary commitment is void because he never asked to be discharged as a voluntary patient. If he had, presumably the argument would be over the validity of that request, not its existence or nonexistence. The record, taken as a whole, fully sustains the inference that no such request was made.

This is not to say that either side is blameless in this situation. The respondent in a mental hearing has a statutory right to a transcript. It is so provided in section 3—817 of the Code. (Ill. Rev. Stat. 1981, ch. 91½, par. 3—817.) In the case of one whose mental competency is at issue, both the State and defense counsel should be extremely wary of waiver.

More to the point, Hays is the appellant and it is his duty as such to present an adequate record to this court. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.) If a full verbatim transcript were lacking, recourse to Supreme Court Rule 323 (87 Ill. 2d R. 323) governing bystander's reports was available. Hays makes no argument

that he was prevented in any manner from preparing such a report.

Although we do not condone the procedures used here, we find the issue concerning the record to be without merit under the circumstances of this case.

The order of the circuit court of Macon County is reversed.

Reversed.

GREEN, J., concurs.

JUSTICE MILLS, dissenting:

The majority is only *tempted.*

I am persuaded.

The "interests of comity and of maintaining a consistent body of authority" are noble ones, but they should not prevail in the face of absurd consequences which flow from blind adherence to ill-reasoned dogma.

The Code does not expressly prohibit the filing of an *involuntary* commitment petition against a *voluntary* patient. Furthermore, the emergency admission by certification procedure—which was followed here—makes no mention whatever of voluntary patients, or in any way excludes voluntary patients from its ambit.

I reject the rationale in *Clement, Hill,* and *Meyer* and would disregard that body of authority.

Dissent I must.

To do otherwise is to simply turn the mental institution over to the patients!