*In re* CHARLES WHITTENBERG (The People of the State of Illinois, Petitioner-Appellee, v. Charles Whittenberg, Respondent-Appellant).

Fourth District   No. 4—85—0615

Opinion filed May 15, 1986.

Jeff M. Plesko and Maureen M. McCord, both of Guardianship & Advocacy Commission, of Champaign, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn Klingler, all of State's Attorneys Appellate Service Commission, of counsel), for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On June 18, 1985, the respondent, Charles Whittenberg, voluntarily admitted himself to the Adolf Meyer Zone Center (Adolf Meyer) after sustaining an insulin reaction resulting from his failure to eat. On August 16, 1985, he signed a request for release from Adolf Meyer. On August 23, 1985, Dennis Paul, a mental health specialist at Adolf Meyer signed a petition for the involuntary admission of Whittenberg on the basis that he could reasonably be expected to inflict serious harm upon himself or another in the near future. This petition was not, however, filed in the circuit court until August 27, 1985. The petition was accompanied by the requisite certificates signed by a psychiatrist and a social worker, stating that based on their observations of Whittenberg, he could reasonably be expected to inflict serious physical harm on himself or another in the near future, and that he was unable to provide for his physical needs so as to guard himself from serious harm.

On the same date, the circuit court set the cause for hearing on September 4, 1985, and a notice of that hearing was personally served on Whittenberg on August 29, 1985. At the conclusion of the September 4, 1985, hearing, the circuit court found that the allegations of the petition had been proved by clear and convincing evidence and that Whittenberg is a person subject to involuntary admission.

■ Whittenberg appeals, asserting that the circuit court had no jurisdiction to enter its order of involuntary admission, since the petition for involuntary admission was filed more than five business days after his August 16, 1985, request for discharge. Therefore, he contends that he should have been discharged from Adolf Meyer no later

than 12:01 a.m. on August 24, 1985. We agree.

The relevant portion of the Mental Health and Developmental Disabilities Code provides:

> "A voluntary patient shall be allowed to be discharged from the facility at the earliest appropriate time, not to exceed 5 days, excluding Saturdays, Sundays and holidays, after he gives any treatment staff person written notice of his desire to be discharged unless he either withdraws the notice in writing or unless within the 5 day period a petition and 2 certificates conforming to the requirements of paragraph (b) of Section 3—601 and Section 3—602 [pertaining to involuntary admission] are filed with the court. Upon receipt of the petition, the court shall order a hearing to be held within 5 days, excluding Saturdays, Sundays and holidays, and to be conducted pursuant to Article IX of this Chapter. Hospitalization of the patient may continue pending further order of the court." Ill. Rev. Stat. 1983, ch. 91½, par. 3—403.

In the present case, the petition for involuntary admission, filed more than five business days after Whittenberg requested discharge, was ineffective to prolong the length of Whittenberg's stay at the Adolf Meyer Zone Center. Since the record reflects the nonexistence of the only statutorily prescribed basis for the circuit court's involuntarily admitting Whittenberg, the circuit court's action was erroneous. Our decision finds support in many prior decisions involving proceedings which derive their existence from statutes, as opposed to the common law. In such cases it has been held that matters appearing of record which clearly demonstrate noncompliance with the relevant statutory provision(s) render the judgment entered in the cause erroneous and of no effect. See, *e.g., In re Hays* (1983), 115 Ill. App. 3d 686, 451 N.E.2d 9, *aff'd* (1984), 102 Ill. 2d 314, 465 N.E.2d 98; *People ex rel. Curtin v. Heizer* (1967), 36 Ill. 2d 438, 223 N.E.2d 128.

In asserting that the failure to timely file the petition for Whittenberg's involuntary admission does not require reversal of the circuit court's order, the State relies on *People v. Williams* (1977), 47 Ill. App. 3d 861, 365 N.E.2d 404. In *Williams*, a defendant in a criminal case, who had been found not fit to stand trial, alleged that his involuntary admission was void because, *inter alia*, he was not given adequate notice of the dispositional hearing, and the hearing was not held within five days after the court received the petition for commitment. The court held that both of these contentions had been waived by the defendant's failure to bring them to the attention of the trial court. However, neither of the instances of alleged noncompliance

with statutory requirements were apparent on the face of the record. Where, as here, the failure of compliance with statutory requirements is readily apparent of record, the circuit court's judgment is erroneous (*Martin v. Schillo* (1945), 389 Ill. 607, 60 N.E.2d 392) and the error may be considered on appeal under a doctrine analogous to the plain-error doctrine (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856), despite the respondent's failure to call it to the attention of the trial court. The second case relied upon in support of the State's waiver argument, *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 449 N.E.2d 65, is likewise inapposite, for there, unlike in the present case, no deficiencies in the prerequisites to the circuit court's deciding the case were apparent on the face of the record. *Cf. Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 449 N.E.2d 812.

Since the record clearly reflects noncompliance with the statutory prerequisites for an order of involuntary admission, we reverse the circuit court's involuntary admission of Whittenberg.

Reversed.

WEBBER and GREEN, JJ., concur.