*In re* MARY ELLEN SATTERLEE (The People of the State of Illinois, Petitioner-Appellee, v. Mary Ellen Satterlee, Respondent-Appellant).

Fourth District   No. 4—86—0175

Opinion filed October 9, 1986.

Cathy Elaine Horwitz, of Illinois Guardianship & Advocacy Commission, of Peoria, for appellant.

J. William Roberts, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

After hearing on February 28, 1986, respondent was found to be a person subject to involuntary admission and was ordered hospitalized in the Department of Mental Health and Developmental Disabilities at the McFarland Mental Health Center pursuant to article VI of the Mental Health and Developmental Disabilities Code (the Code) (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—600 through 3—611). On appeal, she maintains that the order of involuntary admission should be reversed, since (1) it is apparent on the face of the record that statutory prerequisites for the order were not fulfilled, (2) there was no dispositional report, and (3) the finding that she was dangerous to herself or others was not supported by clear and convincing evidence. We reverse.

The common law record on appeal contains the following: (1) a petition for involuntary judicial admission, signed by Maxine Matlock, respondent's sister, dated February 23, 1986, and filed with the circuit court on February 28, 1986; (2) a certificate by Dr. Salama, psychiatrist at McFarland Mental Health Center, signed on February 24, 1986, and filed with the circuit court on February 28, 1986; (3) a certificate by the emergency-room physician at St. Francis Hospital, dated February 22, 1986, at 11 p.m., filed with the court on February 28, 1986; (4) a notice of hearing to respondent's counsel, signed on February 27, 1986, and filed with the court on February 28, 1986; and (5) a form-evaluation sheet completed at 2:30 a.m. on February 23, 1986, when respondent was brought into and admitted to the McFarland Mental Health Center on emergency certification, filed with the circuit court on February 28, 1986.

Article VI of the Code provides for involuntary admission by immediate hospitalization. Section 3—611 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—611) is specific in its requirements:

> "*Within 24 hours*, excluding Saturdays, Sundays and holidays, *after the respondent's admission under this Article, the facility director* of the facility *shall file* 2 copies of the petition, the first certificate, and proof of service of the petition and statement of rights upon the respondent *with the court in the county in which the facility is located*. Upon completion of the second certificate, the facility director shall promptly file it with the court. The facility director shall make copies of the certificates available to the attorneys for the parties upon request. Upon the filing of the petition and first certificate, the court shall set a hearing to be held within 5 days, excluding Saturdays, Sundays and holidays, after receipt of the petition.

The court shall direct that notice of the time and place of the hearing be served upon the respondent, his responsible relatives, and the persons entitled to receive a copy of the petition pursuant to Section 3—609." (Emphasis added.)

Applying the terms of this section to the record on appeal, and excluding Saturday and Sunday, February 22 and 23, 1986, the facility director was required by statute to file the specified documents with the court within 24 hours of respondent's admission. The documents were not filed in the circuit court until Friday, February 28, 1986.

In *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662, this court determined that a petition for involuntary admission filed more than five days after the respondent requested discharge, contrary to the specific requirements of section 3—403 of the Code (see Ill. Rev. Stat. 1985, ch. 91½, par. 3—403), was ineffective to prolong the length of that respondent's stay at a mental-health facility. As argued by respondent, we find *Whittenberg* controlling in this case. As stated in *Whittenberg*:

"Since the record reflects the nonexistence of the only statutorily prescribed basis for the circuit court's involuntarily admitting [respondent], the circuit court's action was erroneous. Our decision finds support in many prior decisions involving proceedings which derive their existence from statutes, as opposed to the common law. In such cases it has been held that matters appearing of record which clearly demonstrate noncompliance with the relevant statutory provision(s) render the judgment entered in the cause erroneous and of no effect. See, *e.g., In re Hayes* (1983), 115 Ill. App. 3d 686, 451 N.E.2d 9, *aff'd* (1984), 102 Ill. 2d 314, 465 N.E.2d 98; *People ex rel. Curtin v. Heizer* (1967), 36 Ill. 2d 438, 223 N.E.2d 128.

\*\*\* Where, as here, the failure of compliance with statutory requirements is readily apparent of record, the circuit court's judgment is erroneous (*Martin v. Schillo* (1945), 389 Ill. 607, 60 N.E.2d 392) and the error may be considered on appeal under a doctrine analogous to the plain-error doctrine (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856), despite the respondent's failure to call it to the attention of the trial court." 143 Ill. App. 3d 836, 838-39, 193 N.E.2d 662, 663.

The State argues that respondent has waived any contention of error by failing to object to the same at trial (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 449 N.E.2d 65) and, on the merits, that the error complained of (1) was harmless, (2) could have been corrected if brought to the attention of the trial court, and (3) no

prejudice has been shown; citing *Both v. Nelson* (1964), 31 Ill. 2d 511, 514, 202 N.E.2d 494, 496, 17 A.L.R.3d 497, 501, *Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 136, 94 N.E.2d 847, 854, and *Harris Trust & Savings Bank v. Ali* (1981), 100 Ill. App. 3d 1, 10, 425 N.E.2d 1359, 1366. The cases cited by the State are inapposite; liberty interests are involved here.

Simply stated, the statutory requirements must be complied with. (*In re Collins* (1981), 102 Ill. App. 3d 138, 429 N.E.2d 531, 23 A.L.R.4th 552.) In view of our resolution of this issue, we need not address other issues raised by respondent.

Reversed.

WEBBER and SPITZ, JJ., concur.