*In re* OTIS SONNY KING (The People of the State of Illinois, Petitioner-Appellee, v. Otis Sonny King, Respondent-Appellant).

Fourth District    No. 4—86—0258

Opinion filed October 28, 1986.

Jeff Plesko and Michael B. McClure, both of Guardianship & Advocacy Commission, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

The respondent, Otis Sonny King, who was born in 1937, has been a resident of various mental-health institutions since early adulthood. On October 15, 1985, he was found to be a person subject to involuntary admission and ordered hospitalized in the Department of Mental Health and Developmental Disabilities (Department). Apparently as a result of the approaching expiration of the 180-day period for which the above order was valid (Ill. Rev. Stat. 1985, ch. 91½, par. 3—813), a petition for the involuntary commitment of respondent for an additional period of time was filed in the circuit court on April 4, 1986. This petition was accompanied by the requisite two certificates of psychiatrists (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—702, 3—703) which state that respondent is a person who is mentally ill and therefore is reasonably expected to inflict serious harm on himself or another in the near future and is unable to provide for his basic physical needs so as to guard himself from serious harm. The first certificate also states that respondent is in need of immediate hospitalization "for his protection and safety," and the second states that respondent is subject to involuntary admission and in need of immediate hospitalization.

Also filed on April 4, 1986, was a notice that a hearing concerning respondent was to be held at 9 a.m. on the same date. This notice lists respondent's name in the caption portion thereof and also indicates the name and address of the attorney who represented respondent in the circuit court. It is not, however, dated or signed by the clerk of the court in the blanks provided for the date and the clerk's signature. Also, none of the blanks in the portion of the notice paper headed "Return" are completed. However, at the very bottom of the sheet there appears the following statement:

"(For use if service by someone other than the sheriff or his deputy)
[signed] Debbie/Patterson
RRA [typed] Debbie/Patterson, RRA, on oath,
(name)
states that he served this notice upon the
above-named person(s) by delivering a true copy
thereof to each of them.

Signed and sworn to before me
<u>April 3rd</u> , 19<u>86</u>
     (date)

[Seal] [signed] <u>Maribeth Eandi</u>
         Notary Public"

Except for the signature at the beginning thereof, this statement is not otherwise signed by Patterson.

Following a hearing held on April 4, 1986, the circuit court found that respondent is a person subject to involuntary admission. On this basis, the court ordered that respondent be hospitalized in the Department and continued in treatment in accordance with the court's original order.

Section 3—702(b) of the Mental Health and Developmental Disabilities Code (Code) provides in pertinent part:

"If the petition [for involuntary admission] is accompanied by 2 certificates executed pursuant to Section 3—703 and the court finds the documents are in order, it shall set the matter for hearing." (Ill. Rev. Stat. 1985, ch. 91½, par. 3—702(b).)

Section 3—706 of the Code provides in pertinent part:

"The court shall set a hearing to be held within 5 days, excluding Saturdays, Sundays and holidays, after its receipt of the second certificate or after the respondent is admitted to a mental health facility, whichever is earlier. The court shall direct that notice of the time and place of hearing be served upon the respondent, his attorney, and guardian, if any, his responsible relatives, and the facility director of the facility. ***" (Ill. Rev. Stat. 1985, ch. 91½, par. 3—706.)

Supreme Court Rule 11 provides in part:

"Manner of Serving Papers Other Than Process and Complaint on Parties Not in Default in the Trial and Reviewing Courts

(a) On Whom Made. If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party.

(b) Method. Papers shall be served as follows:

(1) by delivering them to the attorney or party personally;

(2) by leaving them in the office of the attorney with his clerk, or with a person in charge thereof; or if a party is not represented by counsel, by leaving them at his residence with some person of the family of the age of 13 years or up-

wards; or

(3) by depositing them in a United States post office or post-office box, enclosed in an envelope, plainly addressed to the attorney at his business address, or to the party at his business address or residence, with postage fully prepaid." 87 Ill. 2d R. 11.

The gravamen of respondent's argument that the order involuntarily admitting him should be reversed is that, since the notice of the hearing on the petition for his involuntary admission obviously was served prior to the time that the petition was filed in the circuit court, he was never properly served with notice of the hearing. In support of this contention, he observes that the notice of hearing which appears in the record obviously describes a hearing which had not yet been set by the court and that this notice obviously could not have been issued under the direction of the court. In respondent's words, "[i]t is an impermissible anomaly to serve a Notice of Hearing for a proceeding which could not yet have been legally set for hearing by the court."

Also, respondent asserts that the notice of hearing indicating a date of service of April 3, 1986 (or earlier), precludes the possibility that a notice of the April 4, 1986, hearing could have been served upon his attorney as is required by section 3—706, because an attorney could not have been legally appointed to represent him in the matter of the petition for his involuntary admission, pursuant to section 3—805 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—805), until April 4, 1986. Finally, the respondent observes that the service of notice of the hearing could not have complied with Supreme Court Rule 11, since prior to April 4, 1986, there were no parties or attorneys to serve, and the parties upon whom service was purportedly made, and their addresses, are not specifically indicated in the copy of the notice in the record.

The State asserts that the respondent waived the alleged procedural defects in the service of notice of the April 4, 1986, hearing by failing to call them to the attention of the trial court, citing *People v. Williams* (1977), 47 Ill. App. 3d 861, 365 N.E.2d 404, and *In re Munzer* (1975), 28 Ill. App. 3d 792, 329 N.E.2d 366. Also, again relying on *Williams*, the State asserts that we should affirm the respondent's involuntary admission because persons hospitalized for mental illnesses are entitled to case reviews every six months and also upon the filing of a petition for discharge, and therefore, "[t]he only relief available to the respondent [is] a new hearing, already available to him under the Code."

■ We first address the State's waiver argument. Unlike in *Williams* and *Munzer*, the alleged error in the trial court proceedings in the case at bar clearly appears on the face of the record. For this reason, and because liberty interests are involved, the error which respondent alleges is cognizable on appeal under a doctrine analogous to the plain-error doctrine, despite respondent's failure to call it to the attention of the circuit court. *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662; see also *People ex rel. Curtin v. Heizer* (1967), 36 Ill. 2d 438, 223 N.E.2d 128.

■ Nor does the availability of various involuntary-admission-review procedures at the circuit court level require automatic affirmance of the circuit court's decision. As the State points out, the Code does, in effect, provide that persons involuntarily admitted under its provisions are entitled to review of their cases every six months (Ill. Rev. Stat. 1985, ch. 91½, par. 3—813) and upon the filing of a petition for discharge (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—900, 3—901). However, as the respondent observes, interpreting the six-month review and petition-for-discharge provisions of the Code as providing an effective substitute for an appeal of an order of involuntary admission would virtually nullify section 3—816(b) of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—816(b)), which provides that final orders entered under the Code are appealable. Moreover, these procedures would not guarantee prompt rectification of errors in circuit court involuntary-admission proceedings, for depending on the circumstances, up to six months could elapse between the time that a respondent would become aware of an error in the circuit court proceedings and the time that a hearing would actually take place. (See Ill. Rev. Stat. 1985, ch. 91½, pars. 3—813, 3—900, 3—901.) To the extent that the First District's opinion in *Williams* suggests a contrary conclusion, we decline to follow that decision. See *People v. Collings* (1981), 95 Ill. App. 3d 325, 420 N.E.2d 203.

■ In mental-health cases, the need for strict compliance with the relevant statutory provisions is compelling, as liberty interests are involved. (*In re Satterlee* (1986), 148 Ill. App. 3d 84.) Any noncompliance with statutorily prescribed involuntary-commitment procedures renders the judgment entered in such a cause erroneous and of no effect. (*In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662.) The Code clearly provides that after the filing of the second certificate in support of a petition for involuntary admission, *the court shall direct* that notice of the time and place of the hearing be served upon the respondent and his attorney, among others. Ill. Rev. Stat. 1985, ch. 91½, par. 3—706.

■ In the present case, the record reflects noncompliance with the prerequisites to the issuance of a valid order of involuntary admission in that, for aught that appears in the record, a notice of hearing on the petition for involuntary admission issued under the direction of the circuit court was never served upon the respondent. The facts that respondent and his appointed counsel were present and that respondent testified at the hearing on the petition for his involuntary admission did not cure the lack of compliance with the relevant statutory provisions. From the earliest times, it has been held that, in cases of this type, the record should affirmatively show service of notice, regardless of whether the person alleged to be mentally ill appeared in the trial court. (See *Eddy v. People* (1854), 15 Ill. 386.) Thus, the lack of an affirmative indication of record that respondent was served with a notice of the hearing on the petition for his involuntary admission issued by direction of the circuit court requires reversal of the order from which respondent appeals. See generally *In re Collins* (1981), 102 Ill. App. 3d 138, 429 N.E.2d 531, 23 A.L.R.4th 552 (1983).

Because the proceedings below did not conform to statutory requirements, we reverse the circuit court's involuntary admission of respondent.

Reversed.

GREEN and SPITZ, JJ., concur.