*In re* PATRICIA PRICE (The People of the State of Illinois, Petitioner-Appellee, v. Patricia Price, Respondent-Appellant).

Fourth District    No. 4—86—0499

Opinion filed March 3, 1987.

Jeff Plesko and Michael B. McClure, both of Guardianship & Advocacy Commission, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

On July 7, 1986, the respondent, Patricia Price, was voluntarily admitted to the Andrew McFarland Mental Health Center in Springfield, after being transferred from Brokaw Hospital in Bloomington.

The record contains no request for release by respondent.

On July 10, 1986, a petition for the involuntary admission of respondent was executed, but not filed. Also on July 10, 1986, respondent was examined by two psychiatrists for purposes of certification. Both psychiatrists executed the certificates that day.

The record contains a "Notice of Hearing" concerning the respondent. This notice states that a hearing was to be held on July 11, 1986, at 9 a.m. The notice lists the respondent's name in the caption portion thereof, and also indicates the name and address of an attorney. The "Return" portion of the notice is completely blank. However, the bottom portion of the notice contains an attestation which states that it was served "upon the above-named person(s) by delivering a true copy thereof to each of them." This attestation is signed, notarized, and dated July 10, 1986.

On the following day, July 11, 1986, the petition for involuntary admission, the requisite two certificates signed by the psychiatrist and the notice of hearing were filed in the circuit court of Sangamon County. The hearing was then held that same day. The State called one witness, a psychiatrist, and the respondent testified in her own behalf. At the conclusion of the hearing the circuit court declared respondent to be a person subject to involuntary admission and ordered that she be hospitalized with the Department of Mental Health and Developmental Disabilities at McFarland Zone Center. Respondent now appeals. The record indicates that respondent was discharged from McFarland Mental Health Center on September 10, 1986.

Respondent advances two contentions on appeal, either of which would warrant reversal. The State is in total agreement with the respondent.

■■ ■ First, the parties point out that the notice of hearing on the petition for respondent's involuntary admission obviously was served prior to the time that the petition was filed in the circuit court. Thus, respondent was never properly served with notice of the hearing. In mental-health cases, the need for strict compliance with the relevant statutory provisions is compelling, as liberty interests are involved. (*In re Satterlee* (1986), 148 Ill. App. 3d 84, 499 N.E.2d 101.) Any noncompliance with statutory, prescribed involuntary-commitment procedures renders the judgment entered in such a cause erroneous and of no effect. (*In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662.) The Mental Health and Developmental Disabilities Code (Code) clearly provides that after the filing of the second certificate in support of a petition for involuntary admission, the court shall direct that notice of the time and place of the hearing be served

upon the respondent and his attorney, among others. (Ill. Rev. Stat. 1985, ch. 91½, par. 3—706.) Where, as here, there is no affirmative indication of record that respondent was properly served with notice of the hearing on the petition for involuntary admission, in compliance with section 3—706 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—706), then the circuit court's order will be reversed. See *In re King* (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032.

■ Next, the parties point out that at the time of the involuntary-hospitalization proceedings, respondent was a voluntarily admitted patient and had not made an unrevoked request to be discharged. The supreme court has held that in the case of a voluntarily admitted patient, involuntary-admission proceedings *must* be preceded by a voluntary patient's request for release. (See *In re Hays* (1984), 102 Ill. 2d 314, 465 N.E.2d 98; see also *In re Macedo* (1986), 150 Ill. App. 3d 673, 502 N.E.2d 72.) While there is an exception to this rule, it is inapplicable here. Therefore, the order of the circuit court of Sangamon County involuntarily admitting respondent is reversed.

Reversed.

LUND and KNECHT, JJ., concur.