*In re* LLOYD PLANK, a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Lloyd Plank, Respondent-Appellant).

Fourth District   No. 4—87—0560

Opinion filed May 3, 1988.

Jeff Plesko and Michael B. McClure, both of Legal Advocacy Service Guardianship & Advocacy Commission, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On June 5, 1987, respondent Lloyd Plank was found to be a person subject to involuntary admission and was ordered hospitalized in the Department of Mental Health and Developmental Disabilities. Prior to the expiration of the initial order, a second petition for invol-

untary admission was filed on July 24, 1987. A hearing on August 7, 1987, again found respondent to be a person subject to involuntary admission and he was ordered hospitalized. Respondent appeals from that order, asserting (1) the statutory requirement that proper notice be served upon respondent and his attorney as directed by the court at the time the matter is set for hearing was not met, and (2) the statutory requirement that the facility director must file with the court a current treatment plan for respondent was also not met. We agree and reverse.

On June 5, 1987, the court found respondent to be a person subject to involuntary admission and ordered him hospitalized in the Department of Mental Health and Developmental Disabilities. A master treatment plan dated June 3 was filed on July 17. It contained weekly updates of the respondent's progress ending July 9. Also filed was a master treatment plan review dated June 25.

A second petition for involuntary admission and two new certificates of examination were filed on July 24, 1987. On the same date, service of the second petition was made to respondent's inpatient residence. A certificate showing proof of service was also filed on July 24. On July 27, the court set a hearing for July 31, appointed counsel for respondent, and directed the clerk to send copies of the notice, petition, and certificates to the respondent at McFarland Mental Health Center, the medical records department, and the respondent's nephew. On July 31, the court ordered the respondent's treatment be continued in accordance with the original order and reset the matter for a hearing on August 7.

On August 7, 1987, a hearing was held with the respondent present, and he was found to be a person subject to involuntary admission and ordered hospitalized in the Department of Mental Health and Developmental Disabilities.

■ In mental health cases, liberty interests are at stake and the relevant statutory provisions must be strictly complied with. (*In re Satterlee* (1986), 148 Ill. App. 3d 84, 87, 499 N.E.2d 101, 103.) Any noncompliance renders the judgment erroneous and of no effect. *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 838, 493 N.E.2d 662, 663.

After the court sets a hearing to determine if a person is subject to involuntary admission, "[t]he court shall direct that notice of the time and place of the hearing be served upon the respondent, his attorney, and guardian, if any, his responsible relatives, and the facility director of the facility." Ill. Rev. Stat. 1985, ch. 91½, par. 3—706.

Service of notice is required and Supreme Court Rule 12(b) provides that service be proved:

"(1) [B]y written acknowledgement signed by the person served;

(2) in case of service by personal delivery, by certificate of the attorney, or affidavit of a person, other than an attorney, who made delivery; or

(3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that postage was prepaid." 107 Ill. 2d R. 12(b).

■ The order setting the hearing and appointment of counsel contains four notations of "c/c," short for carbon copy, next to the words Attorney Theodis Lewis, respondent at McFarland Mental Health Center, medical records, and Raymond Plank—nephew.

Relying on *Curtis v. Pekin Insurance Co.* (1982), 105 Ill. App. 3d 561, 434 N.E.2d 555, and *Kimbrough v. Sullivan* (1971), 131 Ill. App. 2d 313, 266 N.E.2d 717, the State asserts the "c/c" notations reflect carbon copies of the notice were sent to the requisite parties. Although the proof of service does not comply with the technical requirements of Supreme Court Rule 12(b), proof of service was sufficient and any error is not reversible. In *Curtis*, the proof of service did not conform to Supreme Court Rule 12(b) because it was in the form of a certificate, as opposed to an affidavit, and it was not signed by an attorney. This court held those defects were harmless errors and did not require reversal. In *Kimbrough*, the proof of service on the motion for the default judgment was deficient in that it did not set forth the place of mailing or the fact that proper postage was prepaid. The court held the defect in proof of service, standing alone, would not warrant reversal. These cases are distinguishable from the instant case because they deal with a partial compliance with Supreme Court Rule 12(b), where here there was no compliance.

■ The State contends since neither respondent nor his attorney objected to the form of proof of service, the issue was waived. Despite respondent's failure to bring the error to the attention of the trial court, it may be considered on appeal under a doctrine analogous to the plain error doctrine. *In re Whittenberg*, 143 Ill. App. 3d at 839, 493 N.E.2d at 663; see also *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

The State also contends the respondent was subject to the continuing jurisdiction of the court. Therefore, any defect in the notice on the petition did not divest the court of jurisdiction to order him involuntarily committed. They cite *In re R.A.B.* (1986), 146 Ill. App. 3d

993, 497 N.E.2d 811, in which this court held where service was obtained against the minor pursuant to the original decree, failure to obtain service on a later supplemental petition did not deprive court of personal jurisdiction to conduct a consolidated hearing adjudicating respondent delinquent. *In re R.A.B.* is distinguishable because it dealt with a supplemental petition. Here, the petition was a new one. Section 3—813(a) of the Mental Health and Developmental Disabilities Code states:

"An initial order for hospitalization or alternative treatment shall be for a period not to exceed 60 days. Prior to the expiration of the initial order if the facility director believes that the patient continues to be subject to involuntary admission, a *new petition* and 2 new certificates may be filed with the court." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 91½, par. 3—813(a).

A new petition must meet the same statutory requirements as any earlier petition. Notice of hearing must be served on respondent each time a petition is filed. The record shows the respondent was only served with a copy of the new petition, and that petition did not indicate the time and place of hearing. Even though respondent and his attorney were present at the hearing, reversal of the order is required where there is no affirmative indication of record that respondent was served with a notice indicating the time and place of hearing on the new petition for his involuntary admission. (*In re King* (1986), 148 Ill. App. 3d 741, 746, 499 N.E.2d 1032, 1035-36.) Since there was no affirmative indication respondent was given notice of the hearing, we reverse.

Section 3—813(a) of the Mental Health and Developmental Disabilities Code provides if a new petition is filed prior to the expiration of the initial order, "the facility director shall file with the court a current treatment plan which includes an evaluation of the patient's progress and the extent to which he is benefiting from treatment." Ill. Rev. Stat. 1985, ch. 91½, par. 3—813(a).

A master treatment plan dated June 3, 1987, was filed on July 17 with a master treatment plan review dated June 25. These plans were filed a week before the second petition was filed on July 24. Neither of the plans conformed to section 3—813(a).

The State cites *In re Meek* (1985), 131 Ill. App. 3d 742, 476 N.E.2d 65, in which this court held the respondent's failure to bring alleged deficiencies in the report to the attention of the trial court before disposition waived the issue. *In re Meek* is distinguishable because it raised the issue that the required treatment plan lacked sufficient detail, not that it was never prepared. The failure to meet

relevant statutory requirements when it is readily apparent upon the face of the record need not be raised at the trial to be considered on appeal. (*In re Whittenberg*, 143 Ill. App. 3d at 839, 493 N.E.2d at 663.) A new, current treatment plan should have been filed following the second petition for involuntary admission.

The judgment of the circuit court committing respondent to the Department of Mental Health and Developmental Disabilities is reversed.

Reversed.

GREEN, P.J., and LUND, J., concur.