*In re* BARBARA FRANKLIN, a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appelee, v. Barbara Franklin, Respondent-Appellant).

Fourth District   No. 4—88—0698

Opinion filed June 28, 1989.

William D. Reid, of Elmore & Reid, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent Barbara Franklin appeals an order of the circuit court finding her to be a person subject to involuntary admission and ordering her hospitalized in the Department of Mental Health and Developmental Disabilities (Department). Respondent contends the requirements set forth in the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1987, ch. 91½, par. 1—100 et seq.) were not met and the evidence was not clear and convincing that respondent is dangerous to herself or others and unable to provide for her own needs. We agree the requirements of the Code have not been met and reverse.

Respondent, 35 years old, was initially hospitalized at Andrew McFarland Mental Health Center (McFarland) in Springfield under a court order issued on June 17, 1988, pursuant to article VII of chapter 3 of the Code. (Ill. Rev. Stat. 1987, ch. 91½, pars. 3—700 through 3—706.) Respondent did not appeal from the June 17 order. On August 8, 1988, a second petition, signed by Chuck Eldridge, mental health specialist, was filed as required by section 3—813 of the Code (Ill. Rev. Stat. 1987, ch. 91½, par. 3—813) to continue respondent's hospitalization and was accompanied by a certificate of a psychiatrist (Ill. Rev. Stat. 1987, ch. 91½, pars. 3—702, 3—703), which stated respondent is mentally ill and is reasonably expected to inflict serious physical harm upon herself or upon another person. The record includes a second certificate, an examination completed August 11, 1988, pursuant to section 3—703, though it is unclear the date on which the certificate was filed in the court.

The second petition was served on respondent by leaving a copy with Chuck Eldridge, mental health specialist at McFarland, on August 5, 1988. Although not important to a determination of this appeal, it is noted by both the respondent and this court that the certifi-

cate of service is notarized July 25, 1988, some 10 days before service.

A hearing on the second petition was set for August 12, 1988. The order setting the hearing also appointed counsel for the respondent and directed that notice of the hearing be sent to the respondent at McFarland. The hearing was continued, without objection by respondent, to August 19, 1988.

Following a hearing on August 19, the court found respondent to be a person subject to involuntary admission and ordered respondent's further hospitalization with the Department.

Respondent argues that the record does not establish that she received a copy of the second petition. Specifically, respondent points to the proof of service which reflects a notary date approximately two weeks before the petition was filed. Respondent directs us to section 3—611 of the Code, which governs emergency admissions by certification. The State urges this issue is waived because respondent did not raise the issue at trial.

■■ Section 3—813 of the Code provides the initial order for hospitalization should not exceed 60 days. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—813.) It also directs that prior to the expiration of the initial order, a new petition and two new certificates may be filed to extend the period for an additional period of 60 days and thereafter, for additional periods of 180 days after compliance with the procedure set forth in the Code. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—813.) Section 3—813(b) specifically states:

> "The provisions of this chapter which apply whenever an initial order is sought shall apply whenever an additional period of treatment is sought." Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(b).

The respondent was initially admitted to McFarland by court order. Article VII, not article VI, of chapter 3 of the Code governs this cause. The provisions pertinent to issues before this court are set forth in sections 3—702, 3—704, 3—705, and 3—706. Section 3—702(b) states in part:

> "Upon receipt of the petition either with or without a certificate, if the court finds the documents are in order, it may make such orders pursuant to Section 3—703 as are necessary to provide for examination of the respondent. If the petition is not accompanied by 2 certificates executed pursuant to Section 3—703, the court may order the respondent to present himself for examination at a time and place designated by the court." (Ill. Rev. Stat. 1987, ch. 91½, par. 3—702(b).)

Section 3—704(a) states in part:

> "No person may be detained for examination under this Section for more than 24 hours." (Ill. Rev. Stat. 1987, ch. 91½, par. 3—704(a).)

Section 3—705 states:

> "At least 36 hours before the time of the examination fixed by the court, a copy of the petition, the order for examination, and a statement of rights as provided in Section 3—205 shall be personally delivered to the person." (Ill. Rev. Stat. 1987, ch. 91½, par. 3—705.)

Section 3—706 states:

> "The court shall direct that notice of the time and place of the hearing be served upon the respondent." Ill. Rev. Stat. 1987, ch. 91½, par. 3—706.

We first address the State's waiver argument. The State points out that the respondent appeared at the August 19 hearing and yet did not object to the defects in the petition. This court has previously considered and rejected this argument in a similar context. (*In re King* (1986), 148 Ill. App. 3d 741, 745, 499 N.E.2d 1032, 1035.) In that case, we recognized that the failure to follow statutory procedures, clearly evident on the face of the record, is reviewable in this court under a doctrine similar to the plain error doctrine. Thus, we will address the merits of the respondent's claim.

In mental health cases, strict compliance with statutory provisions is compelling, as liberty interests are involved. (*In re Satterlee* (1986), 148 Ill. App. 3d 84, 499 N.E.2d 101.) This court has previously held that noncompliance with statutory provisions of the Code render a judgment entered in such a cause erroneous and of no effect. (*In re Price* (1987), 152 Ill. App. 3d 960, 505 N.E.2d 37; *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662.) While not argued by the respondent, there is no court order pursuant to section 3—702 for an examination of the respondent after the second petition and one physician's certificate were filed on August 8. While the second examination of the respondent was conducted on August 11 at McFarland, it occurred three days after the second petition was filed. Section 3—704, requiring an examination for a person who is detained to be completed within 24 hours, was not complied with; section 3—705, requiring at least 36 hours' notice before the time of the examination fixed by the court, was not complied with; and a copy of the petition, the order for examination, and statement of rights was not personally delivered to the respondent. Equally important is the record, which shows the petition signed by Chuck Eldridge, mental health specialist, and the

return showing abode service upon respondent by leaving a copy at her place of inpatient residence—with Chuck Eldridge. This record hardly supports a primary purpose of the Code, to protect the rights of persons such as Barbara Franklin. Not only was there substitute service, but service was made on the petition signer. Additionally, section 3—705 does not authorize substitute service.

Based on our conclusion that the circuit court's order must be reversed on procedural grounds, we need not address respondent's issues as to the lack of evidence to support the order.

For the foregoing reasons, the order of the circuit court involuntarily admitting the respondent is reversed.

Reversed.

LUND and SPITZ, JJ., concur.