*In re* RICHARD A. SPLETT (The People of the State of Illinois, Petitioner-Appellee, v. Richard A. Splett, Respondent-Appellant).

Second District   No. 2—89—0427

Opinion filed February 26, 1990.

Guardianship & Advocacy Commission, of Elgin (William E. Coffin, of counsel), for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Marshall M. Stevens, both of State's Attorneys Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The respondent, Richard A. Splett, appeals from the trial court's order finding him subject to involuntary admission to the Department of Mental Health and Developmental Disabilities (the Department). He argues that the trial court lacked subject matter jurisdiction, that the court's order is reversible for procedural errors, and that the evidence was insufficient. We reverse.

The record shows that the respondent was voluntarily admitted to the Department on March 7, 1989. On April 6, 1989, the clerk filed, *inter alia*, a petition for the respondent's involuntary admission. The case file also includes a notice to be served on the respondent; that notice bears no evidence that it was ever served.

Following a bench trial where the respondent and his attorney were present, the court ordered the respondent involuntarily admitted to the Department. The respondent brought the instant appeal. Although the respondent presents multiple arguments for reversal, we need address only one: that he received insufficient notice of the involuntary admission hearing.

Section 3—706 of the Mental Health and Developmental Disabilities Code (the Code) contains notice requirements applying to involuntary admission procedures. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—706.) Under section 3—706, after filing of a petition for the respondent's involuntary admission, the court shall direct that the respondent and his attorney, among others, be served with notice of the time and place of the involuntary admission hearing. The respondent *argues that the court failed to satisfy the notice requirement of section* 3—706 and, thus, that the instant involuntary admission order must be reversed. We agree.

In his argument the respondent relies primarily upon *In re Price*

(1987), 152 Ill. App. 3d 960, 505 N.E.2d 37, and *In re King* (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032. In both *Price* and *King*, the respondents and the respondents' attorneys were present at the relevant involuntary admission hearings. Nevertheless, in both cases the appellate court reversed the trial court's involuntary admission order, relying upon the absence of affirmative indication in the record that the respondent was properly served with notice in compliance with section 3—706.

Both the *Price* court and the *King* court held that in mental health cases, strict compliance with the relevant statutory provisions is compelling, as a liberty interest is involved. Both courts also held that any noncompliance with statutory involuntary admission procedures renders an involuntary admission judgment erroneous and ineffective.

The State acknowledges that *Price* and *King* may be considered dispositive. However, the State asserts that those decisions are ill-reasoned and urges us not to follow them. The State suggests that the *Price* and *King* courts protected no substantial right, merely an empty formality. The State also refers us to *People v. Williams* (1977), 47 Ill. App. 3d 861, 365 N.E.2d 404, a case rejected in *King*.

We find no reason to abandon the dispositive cases *Price* and *King*, or to rely on *Williams*. As the *King* court pointed out, Illinois courts have a long history of holding that an affirmative showing of advance notice is crucial in mental health cases—even if the respondent may have appeared at the relevant hearing. See *Eddy v. People* (1854), 15 Ill. 386.

In relying on *Price* and *King*, we find that the notice provision of section 3—706 is certainly no empty formality. The respondent vividly describes one illustrative scenario: if a respondent was committed to a mental health institution on the date of his involuntary admission hearing, as this respondent apparently was, absent section 3—706 protections he might receive his only notice when awakened the morning of the hearing. The possibility of last-minute, oral notification of a sleeping, perhaps medicated, involuntarily committed respondent is troubling. The mandatory statutory notice clearly is meaningful in protecting against such a possibility.

Also in relying on *Price* and *King*, we reject the State's suggestion that we should rely upon an analogy to a non-mental-health, juvenile case, *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501, to find that failure of statutory notice was not fatal. The *J.W.* court found that despite statutory requirements for prior notice, failure to serve the noncustodial father with unknown address was not fatal to the com-

pleted juvenile proceedings. We find that the *J.W.* decision has very limited persuasiveness here. Besides the fact that it lies outside the historically special category of mental health cases, *J.W.* focused upon the fact that the unserved father was neither known nor discoverable, unlike the instant, well-known, unserved respondent. Furthermore, the strength of the *J.W.* ruling is questionable given other supreme court cases requiring strict compliance with statutory service requirements even in juvenile cases. See, *e.g.*, *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297.

Based on the foregoing, we reverse the order of the circuit court of Kane County.

Reversed.

WOODWARD, J., concurs.

JUSTICE REINHARD, dissenting:

I respectfully dissent from the holding of the majority that the failure of the record to show that notice of the time and place of the involuntary admission hearing pursuant to section 3—706 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (Ill. Rev. Stat. 1987, ch. 91½, par. 3—706) was served on the respondent and his attorney requires reversal of the judgment of involuntary commitment even where respondent and his counsel appeared at the scheduled hearing and did not raise any issue of lack of proper notice. As the issue was not raised below and there is no showing of prejudice to respondent or his attorney in the record, I would find the question of formal compliance with section 3—706 to be waived. *People v. Williams* (1977), 47 Ill. App. 3d 861, 867, 365 N.E.2d 404.

There is an apparent conflict among the appellate court districts on this issue. The Appellate Court for the First District, in *People v. Williams* (1977), 47 Ill. App. 3d 861, 365 N.E.2d 704, applies a waiver rule where the record fails to show notice was served pursuant to section 3—706 and no issue of notice was raised in the trial court and no prejudice is shown. The Appellate Court for the Fourth District, in *In re Plank* (1988), 169 Ill. App. 3d 411, 523 N.E.2d 614, *In re Price* (1987), 152 Ill. App. 3d 960, 505 N.E.2d 37, and *In re King* (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032, applies a "plain error" doctrine and reverses a judgment of commitment where the record shows respondent was not properly served with notice of the hearing, even though the respondent and an appointed attorney appeared at the hearing and did not raise the issue of lack of notice.

While I agree generally with the proposition stated in the majority opinion that the need for strict compliance with the relevant statutory provisions in the Mental Health Code is compelling, as liberty interests are involved, the failure to comply formally with the notice requirement of section 3—706 does not implicate any violation of a liberty interest, as here, where respondent and his attorney appear at the hearing, voice no objection on the notice issue, and show no prejudice from the lack of notice served on them. I note, too, that the record does contain a notice of the hearing signed by an employee of the Elgin Mental Health Center with a return indicating service of notice on respondent and his attorney, although the return is not signed by the person serving the notice. Under these circumstances, the waiver doctrine is appropriate.

In an analogous situation in proceedings under the Juvenile Court Act (Act) (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*), where the minor's mother was not formally served with a delinquency petition pursuant to a requirement under the Act, but appeared at the hearing and actively participated in the proceedings without objection, our supreme court applied the waiver doctrine and rejected useless formality in complying with the notice requirement, stating as follows:

> "The minor's argument before this court is that the mother had not been formally served either. But we do not read section 4—4 as demanding useless formality. The mother had actual notice of the charges against her son and the correlative threat to her own rights; she appeared in court and participated actively in the proceedings without objection. She thereby waived formal service of process and submitted to the jurisdiction of the court. The lack of formal service in no way prejudiced the minor or his mother. Considerations of fairness are all on the State's side: the respondents should not be permitted to have an adjudicatory hearing, hoping for a finding in their favor, and if they lose get a second chance by complaining of formal defects in service of process that could and should have been objected to immediately, could have been easily cured if timely objected to, and made no difference anyway." (*In re J.W.* (1981), 87 Ill. 2d 56, 62, 429 N.E.2d 501, 504.)

These comments are equally applicable to the notice issue presented here.

For the foregoing reasons, I would find a waiver of the notice issue. Although other issues were raised by respondent on appeal, the majority opinion addresses only this one issue, and, consequently, I do also.