*In re* TAMMIE LYNN SMITH, a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Tammie Lynn Smith, Respondent-Appellant).

Fourth District Nos. 4—85—0548, 4—85—0782 cons.

▬▬▬▬▬▬▬

Opinion filed July 30, 1986.

Jeff Plesko and Maureen M. McCord, both of Guardianship & Advocacy Commission, of Champaign, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On July 17, 1985, respondent, Tammie Lynn Smith, a 17-year-old minor who was a voluntary patient at the Adolf Meyer Mental Health Center in Decatur, Illinois (Adolf Meyer), signed a "Request for Release of Patient on Informal or Voluntary Admission" form and delivered it to the appropriate agent of Adolf Meyer, all pursuant to the requirements of section 3—403 of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1985, ch. 91½, par. 3—403). In compliance with further requirements of section 3—403, Adolf Meyer filed a "Petition for Review of Voluntary Admission of a Minor" and two certificates by examining physicians in the circuit court of Macon County on July 23, 1985, and, on August 2, 1985, a hearing was held in response to respondent's request for discharge. Respondent was adjudged to be a minor in need of continued hospitalization and ordered to be hospitalized in the Department of Mental Health and Developmental Disabilities.

On October 8, 1985, Adolf Meyer filed a second "Petition for Review of Voluntary Admission of a Minor" with two certificates filled out by respondent's examining physicians, apparently in response to an objection by respondent on October 1, 1985, to her admission. No explanation is given why Adolf Meyer treated respondent as a voluntary patient following the August 2, 1985, hearing which changed respondent's status from a voluntary to involuntary patient. The petition was actually supposed to be a petition for the review of an initial order of involuntary hospitalization, as provided for in section 3—813 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—813). A hearing was held on November 5, 1985, in response to the petition, and the court concluded that respondent was suffering from a mental illness of such se-

verity that continued hospitalization was necessary.

Respondent filed separate timely notices of appeal from the orders of August 2, 1985, and November 5, 1985, and the appeals have been consolidated on review. Respondent contends that: (1) the trial court scheduled the August 2, 1985, hearing on the question of involuntary hospitalization beyond the maximum time allowed in section 3—403 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—403); (2) the trial court should have applied the criteria for involuntary admission of adults (Ill. Rev. Stat. 1985, ch. 91½, par. 1—119) instead of the criteria for admission of minors (Ill. Rev. Stat. 1985, ch. 91½, par. 3—503) in determining whether respondent's voluntary status should be converted to involuntary status; and (3) proceedings which led to the November 5, 1985, order for continued hospitalization of respondent were void because they did not conform to the time limitations imposed by section 3—813 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—813).

■ For the reason discussed hereafter, we reverse the November 5, 1985, order. The propriety of the August 2, 1985, order involves a much more difficult problem. However, section 3—813(a) of the Code provides that an initial hospitalization order, such as that of August 2, 1985, expires not later than the end of the 60-day period after its entry unless a timely petition for review is filed and an order of the type sought at the November 5, 1985, hearing is entered. As the November 5 order is set aside and the 60-day period has long since lapsed, respondent is, in any event, entitled to be discharged. The issue is moot. Accordingly, we dismiss that appeal.

The question of whether at the August 2, 1985, hearing the court should have applied the criteria for the involuntary admission of adults or that for minors is determined by section 3—502 of the Code, which is part of article V of chapter 3 of the Code and states:

> "Any minor 16 years of age or older may be admitted to a mental health facility as a voluntary patient under Article IV of this Chapter if the minor himself executes the application. A minor so admitted shall be treated as an adult under Article IV and shall be subject to all of the provisions of that Article." (Ill. Rev. Stat. 1985, ch. 91½, par. 3—502.)

Thus, which criteria should have been used depended upon whether respondent had executed the application upon which she was held at Adolf Meyer or whether her father had done so. Respondent's brief admits, with candor, that the record is not clear in this respect. The record also indicates that sharp focus was not placed on this question at the trial level. Accordingly, we choose not to pass upon this issue

when we do not need to.

■ The November 5, 1985, order must be reversed because the petition upon which it was based was not timely filed as required by section 3—813(a) of the Code, which states:

"(a) An initial order for hospitalization or alternative treatment shall be for a period not to exceed 60 days. Prior to the expiration of the initial order if the facility director believes that the patient continues to be subject to involuntary admission, a new petition and 2 new certificates may be filed with the court. If a petition is filed, the facility director shall file with the court a current treatment plan which includes an evaluation of the patient's progress and the extent to which he is benefiting from treatment. *If no petition is filed prior to the expiration of the initial order, the patient shall be discharged.* Following a hearing, the court may order a second period of hospitalization or alternative treatment not to exceed 60 days only if it finds that the patient continues to be subject to involuntary admission." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 91½, par. 3—813(a).

Here, the initial order for hospitalization was filed on August 2, 1985. The petition for continuing hospitalization was not filed until October 8, 1985, one week after the period of initial hospitalization expired, and only after respondent had apparently made an oral request for discharge. Section 3—813(a), unlike section 3—403, explicitly provides for discharge of a patient if no such petition is filed within the period of initial hospitalization. For this reason, respondent must be discharged from hospitalization at Adolf Meyer.

We recognize that respondent is likely to be a person subject to involuntary admission. However, we cannot overlook the mandatory requirement that she be discharged if a section 813(a) petition is not timely filed. Any needs she may have for further restriction can now only be determined in appropriate initial proceedings under the Code. Protection of the rights of persons who may be entitled to discharge requires adherence to the statutory provision enacted for that purpose. Regardless of how busy institutional authorities may be, they must be diligent in observing these statutory requirements.

As we have indicated, the appeal from the August 2 order is dismissed as moot. The November 5, 1985, order is reversed.

No. 4—85—0548, appeal dismissed; No. 4—85—0782, judgment reversed.

McCULLOUGH, P.J., and WEBBER, J., concur.