*In re* VICTOR SHAW, Asserted to be a person subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Victor Shaw, Respondent-Appellant).

Fourth District No. 4—86—0540

Opinion filed April 2, 1987.—Rehearing denied April 30, 1987.

Jeff Plesko and Maureen M. McCord, both of Guardianship & Advocacy Commission, of Champaign (Michael B. McClure, of counsel), for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 9, 1986, the respondent, Victor Shaw, voluntarily admitted himself to the Adolph Meyer Zone Center (Adolph Meyer) in Decatur, Illinois. On July 25, 1986, he signed a written request for discharge. In response, Adolph Meyer filed a petition, accompanied by two certificates, for the involuntary admission of the respondent. Because that petition was not filed until August 1, 1986, or beyond the five-day limit imposed by section 3—403 of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1985, ch. 91½, par. 3—403), the circuit court of Macon County by docket entry dated August 4 ordered the petition stricken and the respondent discharged.

Respondent, however, was not discharged. In fact, on August 4,

while still a resident at Adolph Meyer, respondent signed a second request for discharge. A second petition and certificates were filed in the circuit court, although the record is imprecise concerning whether the actual filing took place on August 4 or August 5. That petition essentially alleged hospitalization was necessary to protect the respondent and others from physical harm. A hearing was set for August 13, 1986, by court order entered August 8, 1986; the respondent was personally served with notice of the hearing on August 11. At the conclusion of the August 13 hearing, the court found the allegations of the petition had been proved by clear and convincing evidence, and further found the respondent a person subject to involuntary admission under the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—100 *et seq.*).

Respondent argues on appeal that he was entitled to immediate discharge as of August 1 when the mandatory requirement of timely filing under section 3—403 was not complied with following the initial July 25 request. He further avers that meeting the statutory time limit under section 3—403 upon the second petition is of no consequence, maintaining, in essence, that any proceedings subsequent to the court order of August 4 are void and without effect. We are therefore asked to consider the propriety of an involuntary admission ordered upon a second petition where a second request for discharge was made, and where an initial petition was dismissed due to untimeliness.

Initially, though, .we must decide the respondent's motion to supplement the record, filed after his notice of appeal. That motion seeks to add documents from the circuit court file demonstrating the proceedings under the initial request, including the petition later ordered stricken by the court. Specifically, those documents consist of: (1) the record or docket sheet; (2) the original petition for involuntary admission, filed August 1, alleging why respondent was in continuing need of hospitalization; (3) the two certificates accompanying that petition; (4) a comprehensive examination and social investigation of the respondent; and (5) the circuit clerk's certificate of copy, along with judge's verification, certifying the foregoing documents to be true, correct and complete copies.

Petitioner opposes the. motion on the ground that respondent is only appealing from the August 13, 1986, order subjecting him to involuntary admission, and respondent has not demonstrated how the prior proceedings are in any way related to the instant cause. Petitioner also complains that the record of the prior proceedings was not certified as required by supreme court rule (103 Ill. 2d R. 324).

■ We note that the transcript of the August 13 hearing contains comments of the judge alluding to the initial proceeding, and the fact the second petition was filed almost immediately after the first petition was not accepted. Other comments in the transcript make explicit reference to the unsuccessful initial petition. We also note the supplement to the record was certified by the circuit clerk and verified by the trial judge, thereby adding to its authority. As a practical matter, the supplement to the record aids in our full, fair and complete consideration of the merits of this appeal. (See 87 Ill. 2d R. 329.) The respondent's motion is allowed.

We need not review the findings of fact leading to the order of commitment entered below, as that is not contested on appeal. Rather, we focus on whether the procedural prerequisites to the entry of a valid order under the Code were complied with.

Section 3—403 of the Code provides the following regarding discharge of voluntary patients:

"A voluntary patient shall be allowed to be discharged from the facility at the earliest appropriate time, not to exceed 5 days, excluding Saturdays, Sundays and holidays, after he gives any treatment staff person written notice of his desire to be discharged unless he either withdraws the notice in writing or unless within the 5 day period a petition and 2 certificates conforming to the requirements of paragraph (b) of Section 3—601 and Section 3—602 [pertaining to involuntary admission] are filed with the court. Upon receipt of the petition, the court shall order a hearing to be held within 5 days, excluding Saturdays, Sundays and holidays, and to be conducted pursuant to Article IX of. this Chapter. Hospitalization of the patient may continue pending further order of the court." Ill. Rev. Stat. 1985, ch. 91½, par. 3—403.

Thus, in *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662, this court determined that a petition for involuntary admission filed more than five business days after the respondent requested discharge was ineffective to prolong the length of that respondent's stay at a mental health facility. Because the record clearly reflected noncompliance with the statutory prerequisites to an order of involuntary admission, this court held the judgment was erroneous and of no effect.

Subsequent to *Whittenberg*, this court has had further occasion to deal with noncompliance under other sections of the Code. Accordingly, this court has determined that judgments entered in several cases were erroneous and of no effect where: the director of a mental

health facility failed to meet the 24-hour filing requirement after involuntary admission as called for under section 3—611 (Ill. Rev. Stat. 1985, ch. 91½, par. 3-611) (*In re Satterlee* (1986), 148 Ill. App. 3d 84, 499 N.E.2d 101); a petition for review of an initial order of hospitalization was not filed prior to the expiration of 60 days as required under section 3—815 (Ill. Rev. Stat. 1985, ch. 91½, par. 3—815) (*In re Smith* (1986), 145 Ill. App. 3d 1002, 496 N.E.2d 497); and where the respondent was never served with either notice of the hearing or the petition for involuntary admission pursuant to section 3—706 (Ill. Rev. Stat. 1985, ch. 91½, par. 3—706) (*In re King* (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032; see also *In re Price* (1987), 152 Ill. App. 3d 960).

In each instance, this court recognized the compelling need in mental health cases for strict compliance with the relevant statutory provisions, as important liberty interests were affected. This court further indicated that because jurisdiction is by statutory grant, the need for strict compliance is essential. *In re King* (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032.

Respondent argues that, as he should have been discharged on August 1, the second notice of his desire to be discharged could not be acted upon. He essentially contends that as of August 1 he was no longer a voluntarily admitted patient, and the petitioner could not proceed pursuant to section 3—403 for his continued hospitalization. The subsequent proceedings on the second petition, respondent concludes, were not authorized by statute and should be deemed void and of no effect.

■ Respondent is initially correct in asserting that, upon the expiration of the five-day period after the initial July 25 request, he was entitled to discharge, and at that time his status was no longer that of a voluntarily admitted patient. Therefore, the second request for discharge is a nullity. The language of section 3—403 is unequivocal; strict compliance is essential. Where a petition and accompanying certificates are not filed within five business days of the request, a voluntary patient "shall be allowed to be discharged from the facility at the earliest appropriate time." (Ill. Rev. Stat. 1985, ch. 91½, par. 3—403.) Noncompliance with the statutory prerequisites deprived the court of jurisdiction to hear the first petition, as the trial court correctly ruled. Respondent was entitled to discharge. A voluntary patient, armed with his statutory right to discharge, should not then be required to submit further requests to obtain his rightful release. Any other conclusion would emasculate "an important procedural safeguard designed to encourage individuals to seek voluntary submission to treat-

ment for their mental problems." *In re Macedo* (1986), 150 Ill. App. 3d 673, 675, 502 N.E.2d 72, 74.

■ Respondent, on the other hand, is incorrect in assuming the ultimately successful second petition was brought pursuant to section 3—403. The standardized petition form actually used makes reference to several Code sections by number. No particular Code section, though, is expressly designated. We perceive the second petition as one initiated under article VII of chapter 3 of the Code (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—700 through 3—706). For the reasons to follow, we conclude that the second petition, regardless of a lack of specific designation, qualified as a legal means for the continued hospitalization of the respondent under article VII.

As this court recently pronounced, there is nothing to prevent the refiling of an otherwise valid second petition under a different article of the Code. *In re Shirley* (1987), 154 Ill. App. 3d 850.

In *Shirley*, this court determined that a second petition for involuntary admission complied with the pertinent statutory provisions under article VII of the Code. Accordingly, the second petition was properly treated as a new proceeding, with this court affirming the order subjecting that respondent to involuntary admission. In so holding, this court rejected the argument that the petition in question was invalid under article VI of chapter 3 of the Code (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—600 through 3—611) because that contention, while correct, was immaterial; article VI did not apply to a new petition considered filed according to article VII.

Likewise, we consider here that the second petition could properly be filed under the 700 series concerning admission by court order (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—700 through 3—706). As such, that petition was adequate to allow the trial court to hear it, and to make a determination upon the facts and evidence presented. Section 3—403, on the other hand, could not be invoked by either party because any subsequent request for a discharge was clearly a nullity. We further note that section 3—403 does not apply to the 700 series under the Code. In adhering to the decision in *Shirley*, we again decide that nothing in the Code precludes an otherwise valid filing under a different article where an initial petition may be deemed unsuccessful or inoperative due to failure to meet statutory prerequisites.

We are cognizant that appellate courts of this State have acknowledged the qualitative difference between voluntary and involuntary admission. Accordingly, our supreme court in *In re Hays* (1984), 102 Ill. 2d 314, 319, 465 N.E.2d 98, 100, held that "in the case of a voluntarily admitted patient, involuntary-commitment proceedings must be

preceded by a voluntary patient's request for discharge." This, however, does not affect our holding here. The respondent's status ceased being that of a voluntary patient upon expiration of the statutory time frame entitling him to discharge following the initial request. Technically, respondent was no longer a patient at all. A petition for involuntary admission by court order under article VII, however, could still be properly initiated against the respondent as in any other appropriate case.

We next turn to the failure of the mental health facility to release the respondent upon the court order once five business days had elapsed after the initial request for discharge. We do not know whether this failure was due to a breakdown in communication between the court and the facility, the respondent's own willingness to remain in the facility, or, as counsel for the respondent suggests, as part of a conscious effort to keep respondent hospitalized while noncompliance with the Code could be corrected. The record affords no aid in this regard. Section 3—403 only provides that a patient shall be discharged "at the earliest appropriate time." Ill. Rev. Stat. 1985, ch. 91½, par. 3—403.

Respondent's allegations, if true, could conceivably entitle him to relief of some kind. While it is not for us at this point to determine what the proper remedies might be, we do not rule out the possibility that respondent may have recourse to a civil action for damages against the facility. Moreover, an official complaint against the facility is a possibility. We further opine that a voluntary patient otherwise entitled to discharge could obtain such discharge through initiation of an action in the nature of a *habeas corpus* proceeding when that right arises, and where the facility fails to release him.

However, the mere failure to discharge, whether or not occasioned by the mental health facility's own omission in failing to follow through on a court order, does not necessarily insulate the respondent from subsequent, otherwise-valid involuntary proceedings. In sum, respondent may be possessed of other legal avenues for redress of a wrong, but this is presently not the appropriate forum to decide such matters.

Finally, respondent analogizes this situation to matters arising under our State's speedy-trial provisions for criminal prosecutions (Ill. Rev. Stat. 1985, ch. 38, par. 103—5), suggesting any order entered subsequent to the running of the initial five-day time limit is void. No authority is cited in support of this contention. As did this court in *Shirley*, we fail to see the merit in reference to the speedy-trial statute here.

946

From the foregoing, then, we are of the opinion that the order of the circuit court of Macon County should be affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.