*In re* VERNON J. VANCIL, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Vernon J. Vancil, Respondent-Appellant).

Third District   No. 3—88—0623

Opinion filed May 18, 1989.

Cynthia Z. Tracy, of Guardianship & Advocacy Commission, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (Vicki L. Seidl, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The respondent, Vernon J. Vancil, was involuntarily committed to a mental health hospital (Ill. Rev. Stat. 1987, ch. 91½, par. 1—119). The trial court subsequently found that the respondent was still subject to involuntary admission and entered an order continuing his hospitalization in the Department of Mental Health and Developmental Disabilities. The respondent appeals, arguing among other things that the petition for continuation of his involuntary admission was not timely filed.

The record shows that on June 16, 1988, the trial court initially found that the respondent was subject to involuntary admission and ordered him hospitalized. On August 22, 1988, the State filed the second petition to involuntarily admit the respondent.

Section 3—813(a) of the Mental Health and Developmental Disabilities Code (the Code) (Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(a)) provides that an initial hospitalization order expires no later than 60 days after its entry, unless a timely petition is filed within the 60-day period. If no petition is filed prior to the expiration of the initial order, the statute requires that the patient be discharged. Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(a).

Here, the initial order for hospitalization was filed June 16, 1988. The second petition was not filed until August 22, 1988. The respondent was still in the hospital despite the expiration of the 60-day period. Nonetheless, the State argues that because the petition filed on August 22 satisfied all the requirements of a section 3—701(a) initial commitment petition (Ill. Rev. Stat. 1987, ch. 91½, par. 3—701(a)), the second petition should be viewed as a petition for initial involuntary admission even though the respondent had not been released.

We find no merit in this argument. The trial court treated the proceeding on the August 22 petition as an action for continuation of hospitalization. The mandatory requirement that the respondent be discharged if a section 3—813(a) petition is not timely filed cannot be circumvented by utilizing other sections of the Code. Protection of the

rights of persons who may be entitled to discharge requires adherence to the statutory provisions enacted for that purpose. (*In re Smith* (1986), 145 Ill. App. 3d 1002, 496 N.E.2d 497.) Unambiguous statutory involuntary commitment procedures affecting liberty interests will be strictly enforced. *In re Macedo* (1986), 150 Ill. App. 3d 673, 502 N.E.2d 72.

■■ The unambiguous statutory provisions were not followed in this case. We therefore reverse the trial court's order of August 31, 1988, continuing the respondent's involuntary hospitalization. Our decision renders moot the remaining issues raised by the respondent.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

BARRY and HEIPLE, JJ., concur.