*In re* ROBERT BLOYER (The People of the State of Illinois, Petitioner-Appellee, v. Robert Bloyer, Respondent-Appellant).

Second District   No. 2—88—1033

Opinion filed June 30, 1989.

Guardianship & Advocacy Commission, of Chicago (Elizabeth Sircher, of counsel), for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Respondent, Robert Bloyer, appeals from an order of the circuit court of Winnebago County, which continued his involuntary hospitalization with the Department of Mental Health (Department) at H. Douglas Singer Mental Health Center (Singer Center).

On appeal, respondent argues that (1) the petition to involuntarily

hospitalize him was not timely filed and the certificates accompanying the petition were not properly executed; (2) his statutory and constitutional rights to an appeal and a verbatim record of the proceeding were denied; and (3) this court may properly consider issues raised for the first time on appeal when errors are readily apparent in the face of the record. Because of our decision regarding the first issue, we need not address the others raised by respondent.

The scant record reveals the following pertinent facts. Respondent, at the relevant time, was a 33-year-old male from Freeport, Illinois. He was admitted to Singer Center on April 25, 1988. On May 2, 1988, respondent was found to be a person subject to involuntary admission and was ordered hospitalized. The initial order of hospitalization was for a period of 60 days. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(a).) After the expiration of the initial order, a second petition for involuntary hospitalization was filed on July 5, 1988. On July 1, 1988, a certificate certifying that respondent was subject to involuntary admission was executed by a social worker. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—702(a).) On July 5, 1988, a second certificate was executed by a psychiatrist. Both certificates were filed with the court on July 7, 1988.

On July 7, 1988, the court ordered a hearing on the second petition for involuntary hospitalization for July 11, 1988, and respondent was ordered to submit to a psychiatric examination. On July 9, 1988, a psychiatrist executed a third certificate, and it was filed with the court on July 11, 1988.

At the July 11, 1988, hearing no court reporter was present, nor was there an audio tape recording made of it. The court below found respondent to be a person subject to involuntary hospitalization and ordered an additional period of involuntary hospitalization with the Department at the Singer Center. Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(a).

■ Respondent initially argues that the court below erred in finding him a person subject to involuntary hospitalization when the petition to commit was not timely filed and the certificates accompanying the petition were not properly executed. Respondent asserts that the facility's director did not comply with section 3—813(a) of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(a)), which states:

> "An initial order for hospitalization or alternative treatment shall be for a period not to exceed 60 days. *Prior to the expiration of the initial order if the facility director believes that the patient continues to be subject to involuntary admission, a*

*new petition and 2 new certificates may be filed with the court.* If a petition is filed, the facility director shall file with the court a current treatment plan which includes an evaluation of the patient's progress and the extent to which he is benefiting from treatment. *If no petition is filed prior to the expiration of the initial order, the patient shall be discharged.* Following a hearing, the court may order a second period of hospitalization or alternative treatment not to exceed 60 days only if it finds that the patient continues to be subject to involuntary admission." (Emphasis added.)

■ The record clearly demonstrates that the facility director did not file the petition for an additional period of involuntary hospitalization and the supporting certificate within the initial 60-day hospitalization period, which ended on July 2, 1988. Instead the petition was filed on July 5, 1988, and certificates were filed on July 7, 1988, and July 11, 1988. Here the facility director plainly did not file the petition for an additional treatment period within the statutory limits, and, therefore, the respondent should have been discharged. The statutory requirements must be complied with. (*In re Satterlee* (1986), 148 Ill. App. 3d 84, 87.) "Protection of the rights of persons who may be entitled to discharge requires adherence to the statutory provision enacted for that purpose. Regardless of how busy institutional authorities may be, they must be diligent in observing these statutory requirements." *In re Smith* (1986), 145 Ill. App. 3d 1002, 1005.

■ The State's argument that the respondent has failed to provide an adequate record and, therefore, this appeal must fail is beside the point. While there is no transcript or audio recording of the hearing on the involuntary admission, such evidence is not germane to determining this first issue. The record submitted on appeal clearly shows that the facility director did not comply with section 3—813(a); no further evidence is necessary to decide this appeal.

For the reasons stated above, we reverse the judgment of the circuit court.

Reversed.

LINDBERG and DUNN, JJ., concur.