*In re* ROBERT HATALA (The People of the State of Illinois, Petitioner-Appellee, v. Robert Hatala, Respondent-Appellant).

Second District   No. 2—89—1077

Opinion filed July 27, 1990.

William E. Coffin, of Guardianship & Advocacy Commission, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Respondent, Robert Hatala, appeals from an order of the circuit court of Kane County continuing his involuntary hospitalization in the Department of Mental Health and Developmental Disabilities. Respondent contends: (1) the State's petition for continuation of his involuntary hospitalization was not timely filed; and (2) the State failed to comply with the notice requirements and failed to file a current treatment plan. We reverse.

Respondent was involuntarily hospitalized on December 5, 1986. His hospitalization has been continued from time to time by court order. On April 7, 1989, the court ordered that respondent's hospitalization be continued for another 180-day period. On October 4, 1989, the State filed another petition for the continuation of respondent's hospitalization. A hearing on the petition was conducted on October 6, 1989. Following the hearing, the court ordered respondent hospitalized for another 180-day period. Respondent filed a timely notice of appeal.

Respondent first contends that the circuit court had no jurisdiction to hear the State's October 4, 1989, petition because the State failed to file the petition before the expiration of the prior order.

Section 3—813(a) of the Mental Health and Developmental Disabilities Code (the Code) (Ill. Rev. Stat. 1989, ch. 91½, par. 3—813(a)) provides:

> "Prior to the expiration of the initial order if the facility director believes that the patient continues to be subject to involuntary admission, a new petition and 2 new certificates may be filed with the court. *** If no petition is filed prior to the expiration of the initial order, the patient shall be discharged." (Ill. Rev. Stat. 1989, ch. 91½, par. 3—813(a).)

Furthermore, the initial period of admission shall not exceed 60 days, with the second period also not exceeding 60 days. Section 3—813(b) of the Code (Ill. Rev. Stat. 1989, ch. 91½, par. 3—813(b)) provides that, thereafter, additional 180-day periods of treatment may be sought pursuant to the procedures set out in this section. Therefore, the filing procedures are the same for 60-day and 180-day continuation petitions: that is, they must be filed prior to the expiration of the existing order.

The parties agree that the prior 180-day order was entered on April 7, 1989. They disagree, however, concerning when the 180-day period expired. Respondent contends that the period began on the day

the order was entered, April 7, 1989, and that the 180-day period expired on October 3, 1989. Therefore, since the State did not file its petition on or before October 3, 1989, respondent should have been discharged.

The State disagrees, arguing instead that it had until October 4, 1989, to file the 180-day petition. The State relies on section 1.11 of the Statute on Statutes (Ill. Rev. Stat. 1989, ch. 1, par. 1012), which states that "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last." Using this method of computation, the State had until October 4, 1989, to file the petition.

We would agree with the State if section 3—813 of the Code provided that the State must file its petition within 180 days of the entry of the prior order. That is the type of language which section 1.11 is meant to interpret. That, however, is not the language of section 3—813. Section 3—813 provides that the State must file its new petition prior to the expiration of the existing order or the patient shall be discharged. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—813(a).) To determine when the 180-day period at issue expired, we must first determine when it started.

▆ The only reasonable answer is that the 180-day period started on the day the order was entered, that is, on the day respondent was subject to the order. The order does not state otherwise, so we must assume that it was effective to subject respondent to involuntary hospitalization on the day it was entered, April 7, 1989. Thus, we conclude that April 7, 1989, was the first day of the 180-day period. If April 7, 1989, is day one, then the 180-day order expired on October 3, 1989, and the State's petition, filed on October 4, 1989, was not timely.

▆ Involuntary commitment proceedings affect important liberty interests; thus, the need for strict compliance with statutory procedures is essential. (*In re Stone* (1989), 178 Ill. App. 3d 1084, 1086; *In re King* (1986), 148 Ill. App. 3d 741, 745.) Noncompliance with statutorily prescribed involuntary commitment procedures renders the judgment entered in such a cause erroneous and of no effect. (*In re Franklin* (1989), 186 Ill. App. 3d 245, 248.) In the present case, the State did not follow the prescribed statutory requirements. When the State failed to file its petition prior to the expiration of the 180-day period, respondent was entitled to be discharged. See *In re Bloyer* (1989), 185 Ill. App. 3d 245, 247 (respondent must be discharged because the petition was not filed within the statutory period); *In re Vancil* (1989), 183 Ill. App. 3d 204, 205-06 (discussing mandatory discharge for the State's failure to file a 60-day petition prior to expiration of initial in-

voluntary admission order); *In re Smith* (1986), 145 Ill. App. 3d 1002, 1005 (same). But see *People v. Lang* (1989), 189 Ill. App. 3d 384, 388 (filing of tenth commitment petition one day late did not render the tenth, eleventh, and twelfth orders void).

■ We find further support for our determination after considering an analogous situation present when dealing with criminal defendants and credit for time served. A defendant held in custody for a criminal offense is entitled to one day of a sentence credit for each partial day in which he is held in custody. (*People v. Williams* (1986), 144 Ill. App. 3d 994, 996.) Given that important liberty interests are present in both criminal and involuntary commitment cases, we find that any partial day during which a person is involuntarily committed must be included in the relevant calculation under section 3—813 of the Code. See *In re Walker* (1990), 200 Ill. App. 3d 159, 162.

In light of our decision on this issue, we need not consider the other issues raised by respondent.

The judgment of the circuit court of Kane County is reversed. Respondent is released from any further commitment pursuant to the order entered on October 6, 1989.

Reversed.

REINHARD and DUNN, JJ., concur.