*In re* HORACE WALKER (The People of the State of Illinois, Petitioner-Appellee, v. Horace Walker, Respondent-Appellant).

Second District   No. 2—89—1078

Opinion filed July 27, 1990.

William E. Coffin, of Guardianship & Advocacy Commission, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The respondent, Horace Walker, appeals from the court's order involuntarily admitting him to the Illinois Department of Mental Health (the Department). We reverse on procedural grounds.

On August 11, 1989, the court entered an order to admit involuntarily the respondent to the Department. That order did not specify the period for which the respondent was to remain involuntarily admitted. On October 10, 1989, the State filed a petition for continued hospitalization, together with supporting physicians' certificates.

Following a bench trial on the latter petition, on October 13, 1989, the court found and ordered that the respondent should remain involuntarily hospitalized in the Department. The respondent brought this appeal, arguing, among other things, that his involuntary admission must be reversed since the prior commitment order had expired before the State filed its petition for continued commitment.

Section 3—813(a) of the Mental Health and Developmental Disabilities Code is the focus of our analysis. It provides as follows:

"An initial order for hospitalization or alternative treatment shall be for a period not to exceed 60 days. Prior to the expiration of the initial order if the facility director believes that the patient continues to be subject to involuntary admission, a new petition and 2 new certificates may be filed with the court. *** If no petition is filed prior to the expiration of the initial order, the patient shall be discharged." Ill. Rev. Stat. 1989, ch. 91½, par. 3—813(a).

The parties here disagree only on the proper method of calculation of the maximum 60-day period during which the State could have properly filed to extend the initial commitment order. The State argues that the day following the day of entry of the involuntary commitment order should be counted as the first day of the period. They rely on section 1.11 of the Statute on Statutes, which states that "[t]he time within which any act provided by law is to be done shall

be computed by excluding the first day and including the last" (Ill. Rev. Stat. 1989, ch. 1, par. 1012).

The respondent argues that the day the order was entered should be counted as the first day of the 60-day period. He emphasizes that his continuous involuntary detention under the order began on that day. The parties agree that using the respondent's method of computation, the sixtieth day of the prior involuntary commitment period was October 9, the day before the State's filing.

We are aware of no authority holding the Statute on Statutes applicable to calculation of the time available for filing a petition to extend involuntary commitment. Neither are we aware of its application under analogous circumstances. Further, we note that the statute is inapplicable in some other instances, for example in calculating the number of days of custody for which a criminal is entitled to credit. See *People v. Williams* (1986), 144 Ill. App. 3d 994, 996.

In considering the parties' arguments, we first note that the language of section 3—813 does not track the language of the Statute on Statutes. It does not provide that the State must act, *i.e.*, file its petition, within a given number of days of the entry of the prior order. Rather, it provides that the State must file its new petition "[p]rior to the expiration of the initial order." (Ill. Rev. Stat. 1989, ch. 91½, par. 3—813(a).) Further, section 3—813 defines the maximum period of validity of an involuntary commitment order in terms of the number of days of "hospitalization or alternative treatment" for which it is issued. Ill. Rev. Stat. 1987, ch. 91½, par. 3—813(a).

■ Besides considering the particular language of section 3—813 (see *Hoffman v. Board of Fire & Police Commissioners* (1988), 175 Ill. App. 3d 219, 224-25), we also consider the nature of the liberty interest which is at issue here (*cf. People v. Richardson* (1975), 32 Ill. App. 3d 621, 625). We find that as regards the calculation of valid detention periods, a person placed for a determinate period under an order of involuntary admission is situated comparably to a person in custody for a criminal conviction. Both persons are involuntarily confined under the authority of a court order, and there is an important liberty interest at issue. See *In re Stone* (1989), 178 Ill. App. 3d 1084, 1086.

■ In calculating a criminal defendant's time served, the defendant is afforded a day of sentence credit for each partial day during which he is in custody. (*Williams*, 144 Ill. App. 3d at 996.) As analogously important liberty interests are at stake in involuntary commitment cases, we find that any partial day during which a person is deprived of his liberty by an order for involuntary commitment must

also be included in the relevant calculation under section 3—813. Even the State, in oral argument, has properly acknowledged the inequity of a system which would calculate a term of involuntary admission without including the first day of confinement.

■ In summary, as section 3—813 is designed around the length of the prior admission order's validity and not necessarily the length of the period following the entry of the order, and, considering the nature of the liberty interest of concern here, we find that the State's reliance on the Statute on Statutes is misplaced. See also *People v. Coffin* (1917), 279 Ill. 401, 408-09; *In re Hatala* (1990), 200 Ill. App. 3d 163.

■ The respondent's prior involuntary admission order was entered on August 11, 1989. Pursuant to that order the respondent was involuntarily admitted and detained continuously beginning on that same day. Thus, we count August 11 as the first day of the maximum 60-day period of valid detention under the order. The order consequently expired prior to any filing for an extended period of involuntary commitment, *i.e.*, on October 9, the sixtieth day of the respondent's detention under the order.

■ Involuntary commitment proceedings affect important liberty interests; thus, the need for strict compliance with statutory procedures is essential. (*Stone*, 178 Ill. App. 3d at 1086.) When the State failed to file for extended involuntary commitment until after the prior order expired, the respondent was entitled to be discharged. (See *In re Bloyer* (1989), 185 Ill. App. 3d 245, 247.) In light of our decision on this issue, we need not consider the remainder of the respondent's arguments.

Based on the foregoing, we reverse the judgment of the circuit court of Kane County as it relates to the respondent's involuntary admission pursuant to the October 13, 1989, order.

Reversed.

DUNN and REINHARD, JJ., concur.