*In re* N.S., a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. N.S., Respondent-Appellant).

Fourth District    No. 4—04—0942

Opinion filed September 7, 2005.

COOK, P.J., dissenting.

Jeff M. Plesko, of Guardianship & Advocacy Commission, of Anna, and Cynthia Z. Tracy, of Guardianship & Advocacy Commission, of Peoria, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Respondent, N.S., was a voluntary patient at Provena Covenant Medical Center (Provena). The State filed a petition for involuntary admission in the circuit court of Champaign County alleging N.S. had requested discharge. The trial court found N.S. to be mentally ill and subject to involuntary commitment under the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/1—100 through 6—107 (West 2004)). N.S. appeals, contending the record contained no copy of a written demand for discharge, the State failed to prove he was subject to involuntary commitment, and the State also failed to prove hospitalization was the least-restrictive alternative. We reverse.

The Code affords greater rights to voluntarily admitted patients

than to those involuntarily admitted. This reflects a legislative intent to encourage voluntary admissions. This policy is based on psychiatric evidence indicating a patient is more likely to be rehabilitated when undertaking treatment voluntarily than when therapy is forced upon him. *In re Bennett*, 251 Ill. App. 3d 887, 889, 623 N.E.2d 942, 944 (1993). Therefore, the Code requires a patient who is originally admitted on a voluntary basis may be placed on involuntary status only after he has signed a written request for discharge and has not rescinded that request in writing within five days. To keep that patient hospitalized, within that five-day period, the mental-health facility must file with the court a petition and two certificates asserting the patient is in need of immediate hospitalization. 405 ILCS 5/3—403, 3—601, 3—602 (West 2004).

On October 13, 2004, N.S. was voluntarily admitted to Provena. On October 19, 2004, the State filed a petition for involuntary admission of N.S., alleging he demanded to be discharged. Two medical certificates, also dated October 19, accompanied the petition. On that same date, the trial court appointed counsel to represent N.S. and set a hearing for October 21, 2004. On October 20, 2004, a notice of hearing was sent to N.S.

At the hearing, Dr. Albert Lo, a psychiatrist who examined N.S., testified. Dr. Lo testified N.S. had bipolar disorder, manic phase with psychotic features, a serious mental illness. He also stated N.S. had auditory hallucinations and heard the voice of God commanding him to kill somebody. N.S. also asked for female staff to lead group therapy sessions so he could beat them up as he did to his wife, although he did not actually have a wife. Further, N.S. exhibited unspecified mannerisms that were perceived as threatening along with these statements. He also had an inability to make good decisions regarding taking his medications and, therefore, could harm himself or others if not on the medication.

Dr. Lo stated N.S. gave away his money and possessions to other patients and demanded his family bring him more. Thus, he had no appreciation for money. Dr. Lo also testified N.S. was unable to make appropriate decisions, as he was not able to weigh the risks and benefits of decisions he makes. No evidence showed N.S. was unable to clean and groom himself, eat proper food, keep his apartment neat and sanitary, and care for his medical problems.

N.S. also testified. Prior to his voluntary admission, he was studying accountancy at the University of Illinois and was a junior in good academic standing. With his parents' support, he lived alone in an apartment. He admitted he stopped taking his medications due to weight gain. N.S. stated he now was willing to take prescribed medications and to participate in follow-up counseling.

The trial court found N.S. to be subject to involuntary admission because he had a mental illness and, as a result of that illness, was reasonably expected to inflict serious physical harm upon himself or another in the near future and was unable to provide for his basic physical needs so as to guard himself from serious harm.

N.S. contends first, the State failed to prove he made a written request for discharge. No written demand for discharge is in the record. The only reference to a written demand is in the petition for involuntary admission where a box was checked, indicating a demand had been made, and in the psychiatric assessment attached to the petition, which served as a dispositional report for the court's determination of the least-restrictive alternative placement if involuntary admission is ordered. Further, no testimony addressed a written demand for discharge.

■ The Code requires mental-health facilities to maintain a record of their voluntary admittees' written requests for discharge. 405 ILCS 5/3—202(a) (West 2004). The written request for discharge itself is always the best evidence such a request has been made. *Bennett*, 251 Ill. App. 3d at 890, 623 N.E.2d at 945. This court, however, has found sufficient evidence a written request existed where uncontroverted testimony from two treating physicians concerned a respondent's written request for discharge. *Bennett*, 251 Ill. App. 3d at 890, 623 N.E.2d at 945.

The circumstances in *Bennett*, which involved actual testimony, subject to cross-examination, regarding a respondent's written request for discharge, may be the only instance in which the failure to produce the actual written request for discharge may be overcome. A check mark in the petition for involuntary admission that a written request for discharge was made is not evidence. *In re Weimer*, 219 Ill. App. 3d 1005, 1009, 580 N.E.2d 182, 184 (1991). Mention of a written request for discharge in a psychiatric assessment prepared by Provena's social-work services is not sufficient evidence. See *In re Macedo*, 150 Ill. App. 3d 673, 675, 676, 502 N.E.2d 72, 73, 74 (1986) (social-investigation report indicated request for discharge, but court found insufficient evidence to prove existence of written request). Where the only reference in the record to a written request for discharge appears in the certificate of one of the doctors attached to a petition for involuntary admission stating the respondent " 'requested his discharge,' " our supreme court has found this evidence is not a sufficient substitute for the patient's written request for discharge. *In re Splett*, 143 Ill. 2d 225, 234, 572 N.E.2d 883, 887 (1991).

■ In this case, we have only a reference to a written request for discharge in the petition itself, which is not evidence, and a reference

in a report prepared by Provena's social-work services as a dispositional report, which is not considered by the trial court until after a respondent has been found subject to involuntary admission. See 405 ILCS 5/3—810 (West 2004).

The State contends this issue has been forfeited, as N.S. made no objection to this deficiency in the trial court and he suffered no prejudice as a result of failing to provide a copy of his written request for discharge. The fact a respondent fails to raise the issue that no evidence was presented showing he asked to be discharged as a voluntary patient pursuant to section 3—403 of the Code has been held *not* to constitute a forfeiture because the trial court's order of involuntary admission was void for want of statutory authority. See *Weimer*, 219 Ill. App. 3d at 1009, 580 N.E.2d at 184. Proceedings for involuntary admission cannot proceed on a voluntarily admitted patient unless the patient has filed a written request for discharge. See 405 ILCS 5/3—403 (West 2004).

In addition, respondent has been the victim of procedural error evident on the face of the record. Therefore, the issue is reviewable under a doctrine analogous to plain error. See *In re Franklin*, 186 Ill. App. 3d 245, 248, 541 N.E.2d 168, 170 (1989) (the respondent appeared at the hearing but failed to object to defects in the petition).

> "The procedural safeguards enacted by the legislature are not mere technicalities. Rather, they are intended to safeguard the important liberty interests of the respondent which are involved in mental[-]health cases. ***
>
> ***
>
> *** [T]otal disregard for the legislatively established procedures is contrary to the balancing of interests established by the Code and should not be condoned." *In re Luttrell*, 261 Ill. App. 3d 221, 230-31, 633 N.E.2d 74, 81-82 (1994).

The State has failed to meet its burden of proof on the issue of a written request for discharge that enables it to proceed with its petition for involuntary admission. Thus, the trial court's order of involuntary admission is in error.

Due to our resolution of respondent's first issue on appeal, we need not consider the remaining issues raised.

Reversed.

TURNER, J., concurs.

PRESIDING JUSTICE COOK, dissenting:
I would affirm the trial court's decision. It appears that N.S. did

file a written request for discharge. It would have been very easy to resolve this question if it had been raised in the trial court. In the alternative, I would grant the parties leave to supplement the record in this court to show whether a written demand for discharge was filed by N.S. I disagree with *Weimer*, which holds that strict adherence to section 3—403 requires "that evidence of respondent's written request for discharge be part of the record at the time of the involuntary admission hearing and not added at some later point in time after the court's commitment order has been entered." *Weimer*, 219 Ill. App. 3d at 1009-10, 580 N.E.2d at 185. We should be concerned with whether there has in fact been compliance with section 3—403, not with insistence on technicalities that are contrary to fact.

I assume that pursuant to the majority order, this case will return to the trial court and, if N.S. has not filed a written request for discharge, he will be returned to Provena. If N.S. has filed a written request for discharge, he will also be returned to Provena, and the State may refile its petition for involuntary admission. "Reversal of an involuntary admission order for failure to comply with that provision would simply restore the patient to his original status." *Splett*, 143 Ill. 2d at 236, 572 N.E.2d at 888. N.S. suffers from serious problems, and it is not in his best interests or those of society that he be released without a hearing. There is no possibility that a different result will be reached. This all seems contrary to our concerns for judicial economy. We are achieving the goal of punishing the State for using a check-the-block form instead of attaching a copy of the written request for discharge, but better methods seem available to insure that the requirements of section 3—403 are met.